Railroad Commission of Texas et al. v. Galveston, Harrisburg & San Antonio Railway Company.

Decided June 24, 1908.

**1.—Demurrer—Judgment—Railroad Commission—Injunction.**

The rule that a general demurrer admits the truth of the facts pleaded by plaintiff, and where it is overruled and defendant, having no other answer, declines to amend, judgment should be rendered for plaintiff, applies in suits to enjoin the Railroad Commission from putting into force an order alleged to be unreasonable and unjust. The law making the rulings of the Commission prima facie correct does not affect this rule of procedure.

**2.—Railroad Commission—Passenger Train Service.**

Under article 4580, Revised Statutes, as amended by the Act of April, 1903 (Laws, 28th Leg., p. 183), the Railroad Commission has power to require, if the circumstances and the public need demand it, that a railway company operate more than one passenger train daily each way over its line of road.

**3.—Injunction—Order Making Perpetual.**

An *injunction* against the enforcement of an order of the Railroad Commission found to be upon a subject over which it has no legal authority, may properly be made perpetual on final hearing; but if enjoined on the ground merely that the order, though within their jurisdiction, was unreasonable and unjust under existing circumstances, the injunction should not extend to the making or the enforcement by proper officers, of such orders as may be required by facts subsequently arising.

Appeal from the District Court of Travis County.   Tried below before Hon. George Calhoun.

*Robert V. Davidson,* Attorney-General, and *Claude Pollard,* Assistant, for appellants.—The Railroad Commission of Texas has the jurisdiction, authority and power to make and enforce the order which is the basis of this suit.   Constitution of Texas, art. 10, secs. 1, 2; Rev. Stats., 1895, arts. 319, 4484, 4496, 4535, 4579, 4574, subd. 2; Acts of Twenty-eighth Legislature (1903), p. 183; Acts of Twenty-eighth Legislature (1903), First Called Session, p. 21; Atlantic Coast Line R. R. Co. v. North Carolina Corp. Com., 206 U. S., 1; Commonwealth v. Eastern R. R. Co., 103 Mass., 254; 4 Am. Rep., 555; People v. St. Louis, A. & T. H. R. R. Co., 176 Ill., 512; State v. Republican Valley R. R. Co., 17 Neb., 647; Railroad Commissioners v. Portland & O. C. R. R. Co., 63 Me., 269; People v. Chicago & A. R. R. Co., 130 Ill., 175; People v. Dutchess & C. R. R. Co., 58 N. Y., 152; Corporation Commission of N. C. v. Atlantic C. L. R. R. Co., 137 N. C., 1.

The reports and findings of the Railroad Commission are in all judicial proceedings deemed prima facie evidence as to every fact found, and orders and regulations of the Commission are deemed prima facie reasonable and just.   State v. Jacksonville Terminal Co., 41 Fla., 477; Jacobson v. Wisconsin, 70 Am. Rep., 358; State v. Fremont Ry. Co., 22 Neb., 313; Railroad Commission of Texas v. Houston & T. C. Ry. Co., 90 Texas, 340.

The penalties imposed by law for a violation of an order of the Railroad Commission are legal, and not excessive.   State v. Laredo Ice Co., 96 Texas, 461; Martin, Wise & Fitzhugh v. Johnson, 11 Texas Civ. App., 628; Houston, E. & W. T. Ry. Co. v. Campbell, 91 Texas, 551; International & G. N. R. R. Co. v. Pevey, 30 Texas Civ. App., 460; Gulf, C. & S. F. Ry. Co. v. Looney, 85 Texas, 158; Gulf, C. & S. F. Ry. Co. v. State, 97 Texas, 274; Gulf, C. & S. F. Ry. Co. v. Lone Star Salt Co., 26 Texas Civ. App., 531; State v. San Antonio & A. P. Ry. Co., 73 S. W., 572; State v. Rodman, 58 Minn., 393; Southern Express Co. v. Walker, 92 Va., 65.

The court exceeded its jurisdiction in granting the injunction in this case by enjoining the Attorney-General from instituting and prosecuting suits for penalties for a violation of the order of the Railroad Commission, because appellee has an adequate remedy at law in defense of the suit which might be brought by the Attorney-General for the collection of such penalty.   Stephens v. Texas & Pac. Ry. Co., 100 Texas, 177; Texas & Pac. Ry. Co. v. Kuteman, 79 Texas, 465; Galveston, H. & S. A. Ry. Co. v. Dowe, 70 Texas, 6; Wolfe v. Burke, 56 N. Y., 115;

Wallack v. Society for Reformation, 67 N. Y., 23; 1 Spelling on Injunctions, par. 60; 1 High on Injunctions, par. 64.

*Gregory & Batts, Baker, Botts, Parker & Garwood* and *Clarence H. Miller,* for appellee.—The District Court had the power to determine whether or not the order complained of, passed by the Commission, was unreasonable and unjust, and, having so determined, upon the refusal of the defendants to introduce any testimony, the judgment of that court upon the facts will not be reviewed by this court. Rev. Stats., arts. 4565, 4566; Railroad Com. v. Houston & T. C. R. R. Co., 90 Texas, 352-5; Railroad Com. v. Weld, 95 Texas, 282; Railroad Com. v. Weld, 96 Texas, 394; Railroad Com. v. St. Louis S. W. Ry. Co., 35 Texas Civ. App., 52.

The Railroad Commission of Texas did not have the power or jurisdiction to pass the order requiring appellee to install and maintain more than one daily passenger train each way between the cities of Houston and San Antonio over appellee's Victoria division. Rev. Stats., arts. 4484, 4494 (as amended in 1903, Acts 1903, Called Session, page 21), 4562, 4579, 4580, sec. 2 (as amended, 1903, Acts 1903, page 183); International & G. N. R. R. Co. v. Railroad Com., 99 Texas, 332; Board of Railroad Com. v. Oregon R. & Nav. Co., 2 L. R. A., 195; Lake Shore & M. S. Ry. Co. v. Smith, 173 U. S., 684; Northern P. R. Co. v. Ter. of Washington, 142 U. S., 492; People v. New York, L. & W. R. R. Co., 104 N. Y., 58, 66, 67; San Antonio St. Ry. Co. v. State ex rel. Elmendorf, 90 Texas, 520; State ex rel. Knight v. Helena P. & L. Co., 44 L. R. A., 692; People ex rel. Cantrell v. St. Louis, A. & T. H. Ry. Co., 35 L. R. A., 656; People v. Long Island R. Co., 31 Hun, 125; Chicago & A. R. R. Co. v. People ex rel. Hunt, 26 L. R. A., 224; Elliott on Railroads, last edition, vol. 2, sec. 684; Southern R. Co. v. Railroad Com., L. R. 6 Q. B. D., 592; State ex rel. Railroad Com. v. Western U. Tel. Co., 22 L. R. A., 520.

The order of the Railroad Commission is wholly void because it appears that one train a day each way over the Victoria division of the appellee is sufficient for the reasonable accommodation of the traveling public, and to require the appellee to maintain additional passenger trains over said division would deprive appellee of its liberty and property, and deny to it the equal protection of the law in violation of the Fourteenth Amendment to the Constitution of the United States. Northern P. R. R. Co. v. Ter. of Washington, 142 U. S., 492; Lake Shore & M. S. R. R. Co. v. Smith, 173 U. S., 684; Wisconsin M. & P. R. R. Co. v. Jacobson, 179 U. S., 287; Smyth v. Ames, 169 U. S., 466; St. Louis & S. F. R. R. Co. v. Gill, 156 U. S., 649; Cotting v. Kansas City Stock Yards Co., 183 U. S., 79; Chicago, M. & St. P. R. Co. v. Tompkins, 176 U. S., 167, and cases cited, *supra.*

The order of the Commission is void, because it violates the charter and contract rights of the appellee and deprives it of its right to manage its own property, and is therefore in violation of section 16, article 1, of the Texas Constitution. San Antonio St. Ry. Co. v. State, 90 Texas, 520.

The court did not exceed its jurisdiction in enjoining the Attorney-

General from instituting and prosecuting suits for penalties for a violation of the order in question of the Railroad Commission. Rev. Stats., arts. 4577, 4579; Sumner v. Crawford, 91 Texas, 129; Austin v. Austin Cemetery Assn., 87 Texas, 336, 337; M. Schandler B. Co. v. Welch, 42 Fed., 561; Louisiana S. L. A. v. Fitzpatrick, 3 Woods C. C., 222; Tuckman v. Welch, 42 Fed., 548; 5 Pom. Eq. Rem., sec. 354; City of Cleveland v. Cleveland C. Ry. Co., 194 U. S., 517; City of Detroit v. Detroit C. S. Ry. Co., 184 U. S., 368; 22 Cyc., pp. 764, 765.

FISHER, CHIEF JUSTICE.—*Statement of nature and result of suit.*—This is a suit for injunction brought by appellee railway company to enjoin the enforcement of an order of the Railroad Commission made on July 20, 1907, a copy of which is attached to appellee's first amended original petition as Exhibit A.

The appellee, prior to May 28, 1907, operated over that portion of its line extending from San Antonio, Texas, to Houston, Texas, via Victoria, Texas, and known as its Victoria Division, a double daily passenger train service. On May 28, 1907, appellee discontinued the operation of said double daily passenger train service between Houston and San Antonio over the Victoria Division, and beginning on May 28, 1907, appellee operated only a single daily passenger train service, consisting of one daily passenger train in each direction over said Victoria Division.

On July 20, 1907, the Railroad Commission of Texas ordered appellee to re-install and re-establish, on or before the 1st day of August, 1907, the double daily passenger train service over the Victoria Division, as same had existed and been supplied prior to May 28, 1907. This suit is to enjoin the enforcement of said order of the Railroad Commission of date July 20, 1907. A temporary restraining order was issued on July 23, 1907. Appellants filed a motion on the 2d day of August, 1907, to dissolve said temporary restraining order, but said motion was overruled, and said restraining order was continued in full force and effect.

Upon the trial appellants filed a general demurrer to appellee's first amended original petition. The general demurrer was overruled by the court, and judgment entered restraining the enforcement of said order by the Railroad Commission of Texas.

The amended petition upon which the judgment below was rendered is as follows: "Now comes the Galveston, Harrisburg & San Antonio Railway Company, and, first having obtained leave of the court therefor, files this its first amended original petition herein, in lieu of and as a substitute for its original petition filed herein on the 24th day of July, 1907, against Allison Mayfield, Leonidas Jefferson Storey, Oscar Branch Colquitt, the Railroad Commission of Texas, and Robert Vance Davidson, the above named defendants, and thereupon avers:

I. "That the plaintiff, the Galveston, Harrisburg & San Antonio Railway Company, is a railroad corporation, organized and existing under the laws of the State of Texas, with its domicile and principal office and place of business in Houston, Harris County, Texas, and is a citizen and resident thereof, and that it owns and operates a line of railroad within the State of Texas hereinafter more particularly described.

II.  "That defendants Allison Mayfield, Leonidas Jefferson Storey and Oscar Branch Colquitt are citizens and residents of the State of Texas, and of the city of Austin and county of Travis, in said State, and are members of and together constitute the Railroad Commission of Texas; that they derive any and all power, authority and character as such Railroad Commission of Texas from and under an Act of the Legislature of the State of Texas, approved April 3, 1891, entitled 'An Act to establish a Railroad Commission for the State of Texas, whereby discrimination and extortion in railroad charges may be prevented and reasonable freight and passenger tariffs may be established; to prescribe and authorize the making of rules and regulations to govern the Commission and the railroads, and afford railroad companies and other parties adequate remedies; to prescribe penalties for the violation of this Act, and to provide means and rules for its enforcement;' a copy of which Act is filed herewith, and is prayed to be considered in connection with this bill of complaint as fully if set out at length herein and made a part hereof.  That said Act fixes and establishes the office of the Railroad Commission of Texas at the city of Austin, in  the county of Travis, in said State, and constitutes said Railroad Commission of Texas a body corporate and politic, and a citizen and resident of said county of Travis in said State; that the defendant Robert Vance Davidson is a citizen and resident of the county of Travis in said State, and is the Attorney-General of said State, and claims, as such Attorney-General, the right to exercise the powers and to perform the duties purporting to be conferred upon the Attorney-General of said State by the Constitution and laws thereof, and especially by said Act approved April 3, 1891, creating the Railroad Commission of the State of Texas and defining the duties thereof.

III.  "That the Legislature of the State of Texas did, in the year 1850, by an Act approved February 11, 1850, establish a body corporate under the name of the Buffalo Bayou, Brazos & Colorado Railway Company, and did, on the 4th day of September, 1850, pass an Act legalizing the organization of said company, and did, on the 31st day of January, 1852, and on the 29th of January, 1853, and on the 4th of February, 1854, pass Acts amending the said Act incorporating the Buffalo Bayou, Brazos & Colorado Railway Company, and did, on the 4th day of February, 1854, pass an Act supplemental to an Act to amend an Act to incorporate the Buffalo Bayou, Brazos & Colorado Railway Company, and did, on the 27th day of July, 1870, pass another Act supplemental to the Act to incorporate the Buffalo Bayou, Brazos & Colorado Railway Company, and to the other special Acts relating to said Company, by which said last-named Act it was enacted, among other things, that the name of said company was changed to that of the Galveston, Harrisburg & San Antonio Railway Company, and that the Legislature of the State of Texas did, on the 10th day of March, 1875, pass an Act granting further time to said railway company, and allowing it to change the route of its said line of railway, all of which said legislative Acts are referred to and prayed to be considered herewith as fully as if set out at length in this bill.  That under and by virtue of said several legislative Acts plaintiff was organized and created, and now exists, as a corporation under the name of the Galveston, Harrisburg & San Antonio

Railway Company, which by purchase, construction and otherwise has acquired, and now owns and operates as a common carrier of freight and passengers, both State and interstate, and international, a line of railway extending from Galveston, in Galveston County, through the counties of Galveston, Harris, Ft. Bend, Colorado, Fayette, Gonzales, Caldwell, Guadalupe, Bexar, Medina, Uvalde, Kinney, Maverick, Val Verde, Pecos, Brewster, Presidio, Jeff Davis, El Paso, Wharton, Matagorda, Jackson, Victoria, Calhoun, Goliad, Bee, DeWitt, Karnes and Wilson. That embraced in said mileage, and constituting a part of the lines now owned and operated by plaintiff, are the lines acquired by it under the provisions of an Act of the Legislature of the State of Texas, approved May 3, 1905, to which reference is here made, and it is prayed that the same may be considered in connection herewith as fully as if set out at length herein, to wit: The Galveston, Houston & Northern Railway Company, extending from Galveston, in Galveston County, to Houston, in Harris County, Texas; The New York, Texas & Mexico Railway Company, extending from the town of Rosenberg, in Ft. Bend County, through the counties of Ft. Bend, Wharton and Matagorda, to the towns of Tres Palacios and Hawkinsville, and through the counties of Jackson and Victoria to the city of Victoria, a distance of 176.71 miles; the Gulf, Western Texas & Pacific Railway Company, extending from Cuero, in DeWitt County, through the counties of DeWitt, Victoria and Calhoun, to Port Lavaca, in Calhoun County, and through the counties of Goliad and Bee to Beeville, in Bee County, a distance of 111.42 miles; the Gonzales Branch, a tap line extending from Harwood, in Gonzales County, to the city of Gonzales, a distance of 12.30 miles; and the San Antonio & Gulf Railway Company, extending from San Antonio, in Bexar County, to the town of Stockdale, in Wilson County, a distance of 36.93 miles. That plaintiff having, in compliance with the conditions of said special Act of the Legislature, constructed a line of railway from Stockdale, in Wilson County, to Cuero, in DeWitt County, a distance of 47.1, has fully complied with all the terms and conditions of said Act of the Legislature approved May 3, 1905, and is now engaged in the active operation of, and the conduct of a railway business over each and all the lines formerly operated by all of said railways, as set out in said special Act, and is now engaged in the business of a common carrier of freight and passengers, both State and interstate, over each and all of the lines aforesaid, which have become and now are integral parts of the railway lines and system of this complainant.

IV.  "That what is commonly known as the main line of plaintiff's railway extends from the city of Galveston, in Galveston County, through the city of Houston, in Harris County, and through the cities of Richmond, Rosenberg, Eagle Lake, Columbus, Flatonia, Seguin, San Antonio, Uvalde, Del Rio, and thence westwardly to El Paso. That a branch line of plaintiff's railway extends from Rosenberg, in Ft. Bend County, through the cities of Wharton, Edna, Victoria, Beeville, and through Cuero and intervening cities and counties to San Antonio and to Port Lavaca, and from Wharton through the cities of Van Vleck and Bay City to Palacios and to Hawkinsville.

V.  "That what is known, and is hereafter termed, the Victoria Division of plaintiff's said railway, constitutes that portion thereof be-

tween the town of Rosenberg, in Ft. Bend County, extending thence through the counties of Victoria, DeWitt, Gonzales, Wilson and Bexar to San Antonio, and through the counties of Victoria and Port Lavaca to the city of Port Lavaca, and through the counties of Wharton and Matagorda to Palacios and Hawkinsville.

VI. "That plaintiff does now, and at the time when its original petition was filed herein, and at all times prior thereto, and at all times hereinafter mentioned, operate passenger railway trains on its main line as above set out, and upon each and all of its branch lines hereinabove enumerated; that said trains and cars for the transportation of passengers are now run, and were, at each and all the times hereinafter mentioned, run at regular times and upon regular schedules fixed by proper public notice, and doth now furnish, and did at each and all the times above mentioned furnish sufficient accommodations for the transportation of all such passengers as do now or did, at any of the times hereinabove mentioned, within a reasonable time prior to the time established in such public notice and schedules, offer themselves for transportation at the places of starting, and at junctions of other roads, and at sidings and stopping places established for receiving and discharging passengers; and plaintiff doth now take, and hath at all times heretofore taken, transported and discharged all such passengers at, from and to such places as have made due payment of the tolls, freight and fare legally chargeable therefor.

VII. "That defendants Allison Mayfield, Leonidas Jefferson Storey and Oscar Branch Colquitt, acting together as the Railroad Commission of Texas, and claiming to act as such under and by virtue of the authority conferred upon them by the Act of the Legislature hereinbefore referred to, and laws amendatory thereof, did, on July 20, 1907, make and enter an order compelling plaintiff, the Galveston, Harrisburg & San Antonio Railway Company, on or before the 1st day of August, 1907, to re-install and re-establish a double daily passenger train service between the cities of Houston and San Antonio over the said Victoria Division of its railway via Victoria, as they supplied it prior to May 28, 1907, and that the said Galveston, Harrisburg & San Antonio Railway Company arrange its schedule for said double daily passenger train service and file a copy of the same with the Railroad Commission of Texas, as required by said order; it also being provided in said order that the same become effective August 1, 1907, all of which will more fully appear from an original of said order served upon this plaintiff, a copy of which is attached to this petition, marked Exhibit 'A.' That thereby defendants Allison Mayfield, Leonidas Jefferson Storey and Oscar Branch Colquitt, and the Railroad Commission of Texas, ordered the Galveston, Harrisburg & San Antonio Railway Company, plaintiff herein, to install and operate another and an additional passenger train to the then existing passenger train then and at that time in operation between the cities of San Antonio and Houston via Victoria, and thereby compelling plaintiff to install and operate over its said railway between Houston and San Antonio, via the city of Victoria, another and additional passenger train in addition to the passenger train which was then and there already being operated in full compliance with the laws of the State of Texas, by this complainant, between said cities of Houston and San An-

tonio, via Victoria, and compelling plaintiff thereby to operate a double daily service of two passenger trains in each direction, on each day, over said Victoria Division of plaintiff's said railway, between the said cities of San Antonio and Houston, and compelling plaintiff to rearrange its published schedules of its trains then and there operating over its said divisions and the schedules of all connecting trains.

VIII. "That said order of defendants, of date July 20, 1907, and contained in said Exhibit 'A' hereinabove referred to, is wholly void and of no effect for the following, among other reasons, to wit:

"(1) That said plaintiff was, at the time of making and entering said order, and at the time of filing the original petition herein, and at all times prior thereto and since said time, and now operating over said Victoria Division, and between the said cities of Houston and San Antonio, via the city of Victoria, and over that portion of plaintiff's railway to which said order applied, one passenger train each way during each twenty-four hours, which said train was then operated, and had been at all times theretofore operated, and has been continuously, and since, and is now, operated at regular times, and in accordance with written and duly published schedules in full compliance with all the laws of the State of Texas and all valid orders of the Railroad Commission thereof, all of which will more fully appear from plaintiff's time-table No. 10, which became effective May 28, 1907, and is filed herewith, said schedule having been made public and due notice thereof having been given as required by law. That said train service of one passenger train each way each day, which was then and there operated and conducted upon the regular schedule above set out, and which has been so continuously conducted and is now so conducted, did then, and at all the times mentioned, and doth now, furnish sufficient accommodation for the transportation of all such passengers and property as, within a reasonable time previous to the departure of said trains, in accordance with plaintiff's said published schedule, offer themselves for transportation at the place of starting, and at junctions of other roads, at sidings and stopping places established for receiving and discharging passengers and property; and that the passenger train service over that portion of complainant's said railway covered by said order, prior to the making of said order and at the time thereof, continuously since and now, was installed and conducted in full compliance with the laws of the State of Texas, and that thereby this complainant was at each and all the times aforesaid, and at each and all the times involved herein, fully discharging its duty to the public in accordance with its charter and the laws of this State as a common carrier of freight and passengers.

"(2) The defendants Allison Mayfield, Leonidas Jefferson Storey and Oscar Branch Colquitt, and the Railroad Commission of Texas, are now, and at the times aforesaid, wholly without jurisdiction, power or authority to make the order aforesaid, and to compel this plaintiff to install and operate additional passenger trains in excess of, and over and above one passenger train each day, sufficient for the transportation of such passengers and property as shall have presented themselves for transportation at points regularly established for their reception prior to the schedule time of departure; for that the Act of April 3, 1891, hereinabove referred to, was passed by the Legislature of the State of Texas

in pursuance of section 2 of article 10 of the Constitution of the State of Texas, adopted November 5, 1890, which is as follows:

" 'Section 2.—Railroads heretofore constructed, or which may hereafter be constructed in this State, are hereby declared public highways, and railroad companies common carriers. The Legislature shall pass laws to regulate freight and passenger tariffs, to correct abuses and to prevent unjust discrimination and extortion in the freight and passenger tariffs on the different railroads in this State, and enforce the same by adequate penalties, and to the further accomplishment of these objects and purposes may provide and establish all requisite means and agencies invested with such powers as may be deemed adequate and advisable.' That, acting under said constitutional provision, the Legislature of the State of Texas passed said Act approved April 3, 1891, in which the powers of the Railroad Commission of Texas are specially set out; that neither said constitutional amendment nor the legislative Act aforesaid confers any right, power or authority upon defendants to make or enforce the order herein complained of; that under the provisions of article 4580 of the Revised Civil Statutes of the State of Texas, as amended by the Act of the Twenty-eighth Legislature, approved April 1, 1903, it is provided that:

" 'It shall be the duty of the Commissioners to see that upon every railroad, and branch of same carrying passengers for hire in this State, shall be run at least one train a day (Sundays excepted) upon which passengers shall be hauled, and the Commission shall have no power to relax this provision, and shall further regulate passenger train service by requiring all passenger trains carrying passengers for hire to stop for a time sufficient to receive and let off passengers at such stations as may be designated by the Commissioners, provided that four trains each way carrying passengers for hire, if so many are run daily (except Sundays), be required to stop as aforesaid at all county seat stations.'

"That article 4494 of the Revised Statutes of the State of Texas, as amended by Act of May 1, 1903, passed at the First Called Session of the Twenty-eighth Legislature of the State of Texas, is as follows:

"Article 4494.—Every such corporation shall start and run their cars for the transportation of passengers and property at regular times, to be fixed by public notice, and shall furnish sufficient accommodations for the transportation of all such passengers and property as shall, within a reasonable time previous thereto, offer or be offered for transportation at the place of starting, and at junctions of other roads, and at sidings, and at stopping places established for receiving and discharging way passengers and freight, and shall take, transport and discharge such passengers and property at, from and to such places on the due payment of the tolls, freight and fare legally authorized therefor. Failure on the part of the railroad companies to comply with the requirements of this article shall be deemed an abuse of their rights and privileges and subject to the correction and regulation of the Railroad Commission.'

"That under the provisions of said articles 4580 and 4494 of the Revised Civil Statutes of the State of Texas, as thus amended, it is the duty of this plaintiff to run one train a day (Sundays excepted) over its said line upon a regularly published schedule, which train shall be

sufficient to accommodate those offering themselves for transportation at places regularly established for their reception within a reasonable time prior to the schedule time of departure, and that the Railroad Commission of Texas has no power, authority or jurisdiction to regulate such passenger train service other than to require plaintiff to run one train a day, sufficient as aforesaid, and to require all passenger ,trains to stop for a sufficient time to receive and let off passengers at such sta-·tions as may be designated by the· Commission, and that further than this the Railroad Commission of Texas, and these defendants, as such, are absolutely without authority or jurisdiction in the premises. That subject to the limitations of said articles 4494 and 4580 of the Revised Civil Statutes of the State of Texas this plaintiff has the absolute right to conclusively determine the number of its own trains for the transportation of passengers, and the schedules upon which the same shall be run; that article 4484 of the Revised Civil Statutes of the State of Texas provides that:

" 'Such corporation shall have the right to regulate the time and manner in which the passengers and property shall be transported and the compensation to be paid therefor, subject, nevertheless, to the provisions of this or any other law that may be enacted.'

"That said order herein complained of compels this plaintiff, in plain violation of the statutes hereinabove referred to, to install and operate another ·and different, and an additional passenger train each way each day, between the cities of Houston and Victoria, as provided in said order, notwithstanding defendant has now, did have at the time said order was made, and has had at all times prior thereto, in operation under, and in accordance with, regularly filed and published schedules, one passenger train each way each day over that portion of its line covered by said order, which train was fully adequate for the reception, accommodation and transportation of all passengers offering themselves for transportation thereon, and this complainant was thereby fully complying with all laws of the State of Texas, and with all of its duties as a common· carrier under its charter applicable in the premises. Plaintiff therefore says that defendants were, and are, without power, authority or jurisdiction to make said order, in that the same is in violation of said section 2, article 10, of the Constitution of the State of Texas, is unauthorized by and in violation of the Railroad Commission Act, approved April 3, 1891, and is in direct violation of articles 4494, 4580 and 4484 of the Revised Civil Statutes of the State of Texas, and is, therefore, void and of no effect.

"(3) That said order herein complained of is unjust and unreasonable, in this, that plaintiff has now, did have at the time said order was entered, and has had at all times hereinbefore mentioned, in operation between the cities of Houston and San Antonio,,via the city of Victoria, and upon that portion of its railway covered by said order, to wit, over its Victoria Division, one passenger train each way in every day of twenty-four hours; that said train furnishes, and did furnish, at each and all of said times, ample and adequate accommodations for the transportation of all passengers and property which are now offered, or have at any time heretofore been offered for transportation at the regularly established depots of plaintiff within a reasonable time prior to the time

of departure thereof in accordance with its regularly published schedules, and which said trains were operated in full compliance with all the laws of the State of Texas, and that it is now, and was at each and all the times above mentioned, unjust and unreasonable to require the installation of other and additional trains, and that it is an unjust and unreasonable interference with the business of this plaintiff to undertake to compel it to install and operate, as demanded by said order, another and an additional passenger train, as provided in said order, and that, therefore, said order is in all things unjust and unreasonable.

"(4) Plaintiff further says that said order, which compels it to install and operate one additional passenger train each way each day of twenty-four hours between San Antonio and Houston, via Victoria, is violative of the Fourteenth Amendment to the Constitution of the United States, which is as follows: 'Nor shall any State deprive any person of life, liberty or property without due process of law, nor deny to any person within its jurisdiction the equal protection of the law,' in this, that, as hereinbefore alleged, plaintiff has now, had at the time of making said order, and has at all times heretofore had in operation upon all its lines in the State of Texas, and especially upon that portion of same covered by said order, passenger trains as above set out, fully adequate to the reasonable accommodation of all persons and property offering themselves as above set out for transportation, which said passenger trains were installed, operated and conducted in full compliance with all the laws of the State of Texas, and in full compliance with the charter obligations of this plaintiff, and that thereby this plaintiff was, at the time of said order, has continuously since, and is now, fully and in all things discharging its duties to the public as a common carrier of passengers, and that said order, which seeks to impose upon this complainant the burden of installing, operating and conducting another and an additional passenger train, invades the private and individual rights of plaintiff to conduct and manage its private and individual affairs as it sees fit, and is an unwarranted invasion of its private and individual rights by governmental agency; and plaintiff alleges that, for the same reason, said order is violative of section 9, article 1, of the Constitution of the State of Texas, in that it is thereby deprived of its life, liberty, property, privileges and immunities without due course of law.

"(5) Plaintiff further alleges that the several legislative Acts under and by virtue of which it was chartered to act as a common carrier of freight and passengers hereinabove set out, constitute and are a valid contract by and between the plaintiff and the State of Texas, under and by virtue of which it is permitted to conduct the business of a common carrier of freight and passengers subject only to the reasonable exercise of the police power of the State, and that, subject to such power, it has the right to conduct its private and individual business and affairs without interference by the Railroad Commission of Texas or other governmental agency thereof; that the order complained of is an unreasonable, unjust and unwarranted interference with such rights, and deprives complainant of the right to manage its own business, and renders it unable to discharge its duties either to the public or its owners, and is, therefore, violative of paragraph 1 of section 10 of article 2 of the Con-

stitution of the United States, which provides that: 'No State shall pass any bill of attainder, ex post facto law, or law impairing the obligation of contracts or granting any title of nobility.' And that, for the same reason, said order is violative of section 16, article 1, of the Constitution of the State of Texas, which provides that no bill of attainder, ex post facto law, retroactive law, or any law impairing the obligation of contracts shall be made.

IX. "That under the provisions of article 4576 of the Revised Civil Statutes of the State of Texas, as amended, it is provided that: 'If any railway doing business in this State shall fail, neglect or refuse to obey any lawful requirement, order, judgment or decree made by the Railroad Commission of Texas, for every such act of violation it shall pay to the State of Texas a penalty of not more than five thousand dollars.' That said penalty is so grossly excessive in amount, and so out of due proportion to the offense denounced, as to constitute excessive fines and cruel and unusual punishment, forbidden by section 13 of article 1 of the Constitution of the State of Texas, which provides that excessive bail shall not be required nor excessive fines imposed, nor cruel nor unusual punishment inflicted, and deprives plaintiff of due process of law, and denies it the equal protection of the law, contrary to the Fourteenth Amendment to the Constitution of the United States. That it is uncertain, from the terms of the order herein complained of, and from the terms of said article 4576 of the Revised Statutes of the State of Texas, as amended, whether each day that plaintiffs fail to run two passenger trains provided thereby shall constitute a violation of said order punishable by said penalty of not more than five thousand dollars, or whether the State is entitled to recover but one penalty therefor; and it is further uncertain, from the terms of said order, when the same shall become effective—whether immediately, or at such reasonable time as may be necessary to obtain equipment and publish the schedule demanded thereby; that for said reasons said order, as well as said statute 4576, is unjust, unreasonable, null and void. That under the provisions 6 and 7 of said Act of April 3, 1891, being articles 4565 and 4566 of the Revised Civil Statutes, a right of action is given to any railroad company dissatisfied with any order or regulation adopted by the Commission, to determine whether or not the same is reasonable or just by action filed against the same in any court of competent jurisdiction in Travis County, Texas, and that, under the provisions of said Acts of April 3, 1891, being article 4579 of the Civil Statutes of the State of Texas, it is made the duty of the Railroad Commission to enforce all orders made by it and report the same to the Attorney-General of the State of Texas, who will thereupon institute suit for the recovery of such penalties as may have accrued by reason of such violation; that unless the relief hereinafter prayed for is granted, plaintiff is informed and believes, and upon such information and belief charges that said Robert Vance Davidson, the Attorney-General of the State of Texas, and defendant herein, will, under instruction of his codefendants, undertake to prosecute successive suits for the collection of such penalty of five thousand dollars, claiming a violation of such order for each successive day that plaintiff fails to install and operate each train, as provided in said order herein sought to be enjoined, and that thereby this plaintiff will be subjected to a mul-

tiplicity of suits and subjected to a great and needless annoyance and vexation, and that if the plaintiff awaits the action of the Attorney-General of the State of Texas herein it will subject itself to successive prosecutions for penalties under the statutes aforesaid.

X. "That plaintiff's said original petition, in paragraph 10 thereof, prayed that defendants, and each of them, be cited according to law, and for immediate issuance of temporary writ of injunction restraining and enjoining the Railroad Commission of Texas, and the said defendants, Mayfield, Storey and Colquitt, from putting in force or continuing in force the order hereinabove complained of, and enjoining and restraining them, and each of them, from instructing the said Robert Vance Davidson, defendant, to institute, or cause to be instituted, against this plaintiff any suit or suits for the violation of said order, and restraining and enjoining them, and each of them, or their agents, from delivering to the said Robert Vance Davidson, or any other person, any copy of said order, certified or otherwise, or from certifying to, or in any manner whatsoever reporting to, the Attorney-General or other officers of the State of Texas any evidence or facts showing that plaintiff, its officers or agents, have not observed, or do not observe, said order, and from restraining and enjoining the said Robert Vance Davidson from instituting or causing to be instituted against plaintiff, its officers or agents, any suit, prosecution or proceeding of any character whatsoever for the collection of any penalty or penalties for the violation of said order, or compelling the performance thereof, and restraining and enjoining the said Railroad Commission of Texas, the said Mayfield, Storey and Colquitt, from making any other order or doing any other act or thing in and about the matter embraced therein, pending the action of this Honorable Court; and that, upon final hearing herein, plaintiff have judgment perpetuating said injunction, and declaring said order hereinabove referred to to be unreasonable, void and of no effect, and for costs, and all such other relief, general and special, as it might be entitled to, either at law or in equity, for which see paragraph 10 of such original petition on file herein. That said petition and prayer for injunction was presented to the Judge of the Twenty-sixth Judicial District of Texas on July 23, 1907, the same having been duly sworn to by Thornwell Fay, vice-president of complainant, the Galveston, Harrisburg & San Antonio; that thereupon said Judge of the Twenty-sixth Judicial District made and entered thereon the following order, to wit:

" 'In Chambers, Georgetown, Texas, July 23, 1907.

" 'Upon the filing of a good and sufficient bond for the sum of $10,-000, to be conditioned as required by law, and to be approved by the clerk, the clerk will issue a temporary restraining order in terms as follows, viz.: Restraining the Railroad Commission of Texas and defendants Mayfield, Storey and Colquitt, from putting in force or continuing in force or effect the order complained of in the foregoing petition, and enjoining the defendants, and each of them, from instructing Robert Vance Davidson to institute, or from causing to be instituted, against plaintiff any suit or suits for the violation of said order, and restraining the said Davidson from instituting, or causing to be instituted against plaintiff, its officers or agents, any suit, prosecution or proceeding of

any character for the collection of any penalties for the violation of said order, or compelling the performance thereof, and restraining the said Commission, Mayfield, Storey and Colquitt, from making any other order, or doing any other act or thing in or about the order complained of in plaintiff's petition until the further order of this court, acting in term time or vacation. It is hereby expressly provided that said restraining order shall remain in force until further hearing of this cause only, to be had either in term time or in vacation, and each of the defendants are hereby, as a condition on which this order is granted, given the right to appear and move a dissolution of this order at any time, and to have motion heard on such terms as the undersigned may see fit to impose upon its presentation.

'(Signed)  V. L. Brooks,
'Judge Twenty-sixth Judicial District of Texas.'

to which said order, as duly endorsed on plaintiff's original petition herein, reference is here made. That complainant, having made and filed its bond payable to defendant in the sum of $10,000, as demanded by said order of said court, same having been duly approved by the clerk of this court, and said original petition having been duly filed herein on the 24th day of July, 1907, said restraining order was duly issued and served upon each of the defendants herein; that thereafter said defendants having, by motion duly filed herein on the 2d day of August, 1907, moved to dissolve said restraining order, said motion was in all things overruled, and said restraining order was continued in full force and effect, and is now in full force and effect.

XI.  "Wherefore, plaintiff prays that it have judgment declaring said order hereinabove referred to be unjust, unreasonable, void and of no effect, and that the Railroad Commission of Texas, the said Allison Mayfield, Leonidas Jefferson Storey and Oscar Branch Colquitt, be perpetually enjoined from putting in force, or from continuing in force and effect, said injunction to be effective as of date July 23, 1907, the order herein complained of, and enjoining and restraining them, and each of them, from instructing the said Robert Vance Davidson, Attorney-General of the State of Texas, defendant herein, to institute or cause to be instituted against plaintiff any suit or suits for the violation of said order, and restraining and enjoining them, and each of them, and their agents, from delivering to the said Robert Vance Davidson, his agents or attorneys, or any other person, any copy of said order, whether certified or otherwise, and from certifying or in any manner whatsoever reporting to the Attorney-General, or other officer of the State of Texas, any evidence or facts showing that plaintiff, its officers or agents, have not observed or do not observe said order, and restraining and enjoining the said Robert Vance Davidson, Attorney-General, from instituting or causing to be instituted against plaintiff, its officers or agents, any suit, prosecution or proceeding of any character whatsoever for the collection of any penalty or penalties for the violation of said order, or compelling the performance thereof, or from restraining and enjoining the Railroad Commission of Texas and the said Mayfield, Storey and Colquitt, from making any other order or doing any other act or thing in or about the matter embraced therein.

"Plaintiff further prays for judgment for costs, and for all such other and further relief, both general and special, as it may be entitled to, either at law or in equity."

This pleading was properly verified by affidavit.

The Exhibit "A" referred to, constituting the order of the Railroad Commission, is as follows:

"Exhibit 'A.'
"Office of Railroad Commission of Texas.
"Austin, Texas, July 20, 1907.

"Hearing No. 749. Relating to passenger service on the G., H. & S. A. Ry. Co.'s line west of San Antonio to El Paso, and between San Antonio and Houston, via Victoria.

"The above numbered hearing having been called by the Commission on July 9, 1907, in pursuance with notice duly given in accordance with law, and the complainants herein and respondent railway company being duly represented by their duly authorized attorneys and officers, and the Commission having heard the evidence offered and the arguments presented pertaining to the matters in controversy herein, and having duly considered the same, the Railroad Commission of Texas finds as follows:

"1.   That prior to May 28, 1907, the Galveston, Harrisburg & San Antonio Railway Company operated over that portion of its line of road extending from the city of San Antonio, Texas, to Houston, Texas, via the city of Victoria, Texas, and known as its Victoria Division, a double daily passenger train service for the accommodation of the traveling public over said Victoria Division, the said double daily passenger service consisting of trains Nos. 301, 302, 303 and 304, between Victoria and Houston, all of said trains being operated in accordance with published schedules, as contained in Employes' Time-Table No. 9, issued by said respondent railway company, and filed with the Railroad Commission of Texas.

"2.   We find that on May 28, 1907, the said respondent railway company discontinued the operation of the double daily passenger train service between the stations above named, to wit, Houston and San Antonio, over the so-called Victoria Division, as above described, and beginning on said date the said Galveston, Harrisburg & San Antonio Railway Company installed and begun the operation, over said Victoria Division, of a single daily passenger train service, to wit, one daily passenger train only in each direction for the accommodation of the traveling public and passenger business arising at and destined to points on said Victoria Division, the said single daily service being comprised of trains Nos. 303 and 304, running between San Antonio and Victoria, and trains Nos. 301 and 302 between Victoria and Houston, all of said trains being operated in accordance with the published schedule, as contained in Employes' Time-Table No. 10, issued by said railway company, and filed by it with the Railroad Commission of Texas.

"3.   The Railroad Commission of Texas further finds that the passenger service which was installed, as hereinbefore set forth by said Galveston, Harrisburg & San Antonio Railway Company, on May 28, 1907,

is the same passenger service that is now being afforded by said railway company on and over said Victoria Division, which service, in the opinion of the Railroad Commission of Texas, is inadequate and insufficient to accommodate the needs of the traveling public and patrons of said railway company on the line of its said division, and is not such passenger service as said railway company should supply and afford to the traveling public and its patrons on said Victoria Division. We find that the same is not such reasonably adequate and sufficient service as is demanded and required for the proper accommodation of said traveling public and patrons of said railway company, and said single daily service does not furnish and supply connection with the main line of said Galveston, Harrisburg & San Antonio Railway Company and its connections at Houston and San Antonio for points beyond said stations.

"4. All the facts being considered by said Commission, it is hereby ordered by the Railroad Commission of Texas that the Galveston, Harrisburg & San Antonio Railway Company, on or before the first day of August, 1907, re-install and re-establish the double daily passenger train service between the cities of Houston and San Antonio over the Victoria Division, via Victoria, as they supplied it prior to May 28, 1907, and that the said Galveston, Harrisburg & San Antonio Railway Company arrange its schedules for said double daily passenger train service and file a copy of same with the Railroad Commission of Texas, as required by this order and the law.

"5. This order shall take effect August 1, 1907, and repeals the order of this Commission on the same subject, dated July 16, 1907."

The following is the only answer interposed by the appellants:

"Now come the defendants, and, by leave of the court first had and obtained, file this their first amended original answer in lieu of the answer and motion to dissolve temporary restraining order, filed August 2, A. D. 1907, and say:

"Defendants demur to plaintiff's first amended original petition filed herein, and say that same is insufficient in law to entitle them to the relief prayed for, and presents no cause of action, and of this they pray the judgment of the court."

Upon overruling this general demurrer, the trial court entered final judgment as follows:

"On this, the 17th day of January, 1908, came on to be heard the above styled and numbered cause, and the plaintiff appearing by its attorneys of record, and the defendants appearing by their attorneys of record, and all parties having announced ready for trial, the defendants presented to the court their general demurrer to the plaintiff's first amended original petition, and, after argument by all parties, the court being of the opinion that said general demurrer is not well taken,

"It is by the court ordered, adjudged and decreed that said general demurrer be, and the same is, hereby in all things overruled. Thereupon the defendants announced in open court that they would decline to amend, and that they desired to make no further answer in the cause, and it appearing to the court that the allegations of plaintiff's petition are duly verified, and not denied by any pleading filed by the defendants, the court is of the opinion that judgment should be rendered for the plaintiff.

"It is therefore by the court further ordered, adjudged and decreed that the order of defendant, the Railroad Commission of Texas, of date July 20, 1907, directing the plaintiff, the Galveston, Harrisburg & San Antonio Railroad Company, on or before the 1st day of August, 1907, to re-install and re-establish a double daily passenger train service between the cities of Houston and San Antonio, over the Victoria Division of its railway, via Victoria, as they supplied it prior to May 28, 1907, and that the Galveston, Harrisburg & San Antonio Railway Company arrange its schedule for said double daily passenger train service, and file a copy of same with the Railroad Commission of Texas, said order to become effective August 1, 1907, be declared unjust, unreasonable, void and of no effect; and

"It is by the court further ordered, adjudged and decreed that the defendants, the Railroad Commission of Texas, Allison Mayfield, Leonidas Jefferson Storey and Oscar Branch Colquitt, be perpetually enjoined from putting in force, or from continuing in force or effect, said order, this injunction to be effective as of date July 23, 1907; and

"It is further ordered, adjudged and decreed by the court that said defendants, and each of them, be and are hereby restrained from instructing defendant Robert Vance Davidson, Attorney-General of the State of Texas, to institute or cause to be instituted against plaintiff any suit or suits for the violation of said order, and that they, and each of them, and their agents, be restrained and enjoined from delivering to the said defendant Robert Vance Davidson, his agents or attorneys, or any other person, any copy of said order, whether certified or otherwise, and from certifying, or in any manner whatsoever reporting to the Attorney-General, or any officer of the State of Texas, any evidence or facts showing that plaintiff, its officers or agents, have not observed, or do not observe, said order; and

"It is further ordered, adjudged and decreed by the court that the defendant Robert Vance Davidson, Attorney-General of the State of Texas, be and is hereby enjoined and restrained from instituting or causing to be instituted against plaintiff, its officers or agents, any suit, prosecution or proceeding of any character whatsoever for the collection of any penalty or penalties for the violation of said order, or compelling the performance thereof; and

"It is further ordered, adjudged and decreed by the court that said defendants, the Railroad Commission of Texas, Mayfield, Storey and Colquitt, be enjoined and restrained from making any other order, or doing any other act or thing in and about the matter embraced in said order.

"It is further ordered, adjudged and decreed by the court that defendants pay all costs of this suit.

"To all of which judgment and to each and all of said orders the defendants in open court excepted, and gave notice of appeal to the Court of Civil Appeals for the Third Supreme Judicial District of Texas."

*Opinion.*—The plaintiff's petition, which is verified by affidavit, contains a distinct averment stating the facts upon which it is based—that the rule or order of the Commission which requires the operation of more than one passenger train each way a day is unreasonable and un-

just. The defendants by answer did not see fit to deny this fact or controvert it in any manner, but were content with merely meeting the plaintiff's case with a general demurrer, and when the same was overruled declined, so the judgment states, to further answer. The general demurrer admits the truth of the facts well pleaded, and the petition being verified, the trial court, in accordance with the usual practice in such cases, properly rendered judgment against the defendants. Junction City School Incorporation v. Trustees of School District, 81 Texas, 148, 152.

It is not believed that the law that announces, in effect, that the rules of the Commission are held to be prima facie correct, and that one attacking same shall only prevail when the evidence satisfactorily establishes the fact that such rules are unjust and unreasonable, was intended to control or abrogate the well-settled rules that prevail in cases of this kind, which entitle the plaintiff to judgment when no answer is filed and when the petition is verified and a general demurrer is overruled. Whatever other reasons may have influenced the court below to render judgment in plaintiff's favor, the one just discussed is sufficient upon which to base our affirmance; and but for the fact that the judgment below went a little too far we would not feel the necessity of expressing any opinion as to the authority of the Railroad Commission to pass and promulgate the order in question.

The judgment restraining the defendants from putting into operation and effect an order requiring the operation of two trains a day each way seems to be perpetual, and if this is its correct construction it went too far, provided the law authorized the Railroad Commission to pass and enter such an order. While the judgment rendered in this case is a bar to the enforcement of the order up to date, if the law authorized the passage of such an order it could be made and enforced hereafter, provided the public interests required it, and the circumstances exist that authorize that to be done. Thus it will be seen it becomes proper, if not necessary, to pass upon the question whether the Commission was authorized by law to make and pass such an order, or would be authorized in the future to make a like order if public necessities required it.

We have examined the Act of the Twenty-eighth Legislature on page 183 of the Session Laws of 1903, and conclude that one of its objects was to confer upon the Railroad Commission the power to require, if the circumstances and the demands of the public require it, the operation of more than one passenger train a day each way. As the jurisdiction of this case is not limited to this court, it would serve no useful purpose to enter upon a discussion of this question, or give the reasons that influence us in placing this construction upon the statute; but, however, we desire to emphasize the fact that we believe the Commission derives no power from the common law, but can find authority for the order in question in the statute referred to, and further exercise of this authority is a question to be determined hereafter by the Commission.

We find it unnecessary to pass upon the objections to that part of the decree that seeks to restrain the Attorney-General from bringing suits to enforce the statute prescribing penalties for a breach of the orders and rules passed by the Commission; for, under the disposition made of the case, he certainly could not act to recover a penalty for the violation

of an order which the court below and this court has determined should not, up to the final determination of this case, be enforced, on the ground, as above said, that as to the facts existing up to the time of this judgment the order has been judicially ascertained to be unreasonable and unjust. What may occur hereafter, if anything, looking to the making and enforcement of an order based upon facts arising since this judgment, which, in the opinion of the Commission, may, in the public interest, require more than the operation of one train, is a question not before us.

Let the judgment be affirmed as modified by this opinion.

*Modified and affirmed.*

### OPINION ON REHEARING.

In the original opinion, in holding that the Commission could exercise only such authority as was expressly or impliedly conferred upon it by statute, we did not intend to hold that the State, in its sovereign capacity, acting through its proper channel, could not, by mandamus or other appropriate remedy, proceed against a railway corporation to require it to perform those duties for which it was chartered, and to furnish those facilities for transportation that the needs of the public required. State v. Atlantic Coast Line R. R. Co., 44 So. Rep., 213; s. c., 53 Fla., 650.

In the case before us we are not required to pass upon that question, as, in our opinion, it was not in issue.

We are still of the opinion that the averments of the petition, when tested by the general demurrer, were sufficient. It is substantially alleged that the trains provided by the road were sufficient to transport all persons who applied for transportation, and to transport all property offered for transportation. This is about all that could be required of the road, and it certainly ought not to be required to operate trains for which there is no need. The case cited, quoting from Loraine v. Pittsburg, J. & E. & E. Ry. Co., 205 Pa., 132; s. c., 54 At., 580; 61 L. R. A., 502, uses this language:

"There can be no doubt of the duty of a railway company to keep its road in a reasonable state of repair and in a safe condition; nor is there any doubt of its duty to so operate it as to afford adequate facilities for the transaction of such business as may be offered it, or at least reasonably to be expected. This is equally true with respect to passengers and freight. As to the extent or sufficiency of these facilities, including the number and frequency of trains, that is to be judged of and governed chiefly by the amount of business on the line of the road. The company, however, is given, as it should be, a very large discretion in determining all questions relating to the equipment and operation of its road." Ohio & M. Ry. Co. v. People, 120 Ill., 200; 11 N. E. Rep., 347; 30 Am. & Eng. Ry. Cases, 509.

This, in our opinion, expresses the correct view upon that question, subject, however, to the authority of the State, or the Railroad Commission, in a proper case, to control such discretion when the interest of the public requires that this should be done.

*Motion overruled.*

Writ of error refused.