## J. C. ALSUP & CO. v. ROBERT A. ALLEN ET AL.

1. INJUNCTION.—When the material allegations contained in a petition for injunction are not denied in the answer, and the defendants, after their motion to dissolve the injunction was overruled, gave notice of appeal, it was not error for the court to enter judgment perpetuating the injunction without the intervention of a jury.
2. INJUNCTION.—An injunction is a proper remedy to restrain a sale under execution issued against the securities on a claim bond which had been quashed against the consent of their principal and where there had been no trial of the right of property.

ERROR from Panola county.   Tried below before the Hon. George Lane.

A statement of the facts of this case will be found in the opinion.

*Drury Field* and *A. M. Carter*, for plaintiffs in error.

*Jones & Henry*, for defendants in error.

REEVES, ASSOCIATE JUSTICE.—This suit was brought by Allen & Page to restrain Alsup & Co. from enforcing the collection of an execution on a forfeited claim-bond, executed by Martin L. and John C. Norris, with Allen & Page as sureties, and payable to Alsup & Co.

Alsup & Co. had previously sued out from a justice's court a writ of attachment against Sanford W. Norris, and caused it to be levied on ten bales of cotton as the property of said Norris. Three of these bales of cotton being claimed by Martin L. and John C. Norris, they gave the claim-bond, which was afterwards forfeited for a trial of the right of property, and the three bales were returned to the claimants.

Afterwards an issue was made up between the parties, and after the cause had been submitted to a jury, the justice of the peace, on the motion of Alsup & Co., plaintiffs in attachment, quashed the claim-bond and dismissed the claim, as recited in the judgment, at the mutual cost of the parties, on the ground, as stated, that the claimants, who were shown to be minors, had no legal capacity to execute the claim-bond.

Afterwards the justice of the peace indorsed the quashed bond as forfeited, because the claimants had failed to return the cotton to the constable within the time required by the statute, as certified by him. In the mean time Alsup & Co. had recovered a judgment against Sanford W. Norris for the amount of their claim against him, amounting to $60.88, with twenty per cent. interest and costs. In this state of the case the justice of the peace issued an execution, reciting the facts, against the claimants and sureties, Allen & Page, for the amount of Alsup's judgment against Sanford Norris.

The injunction was granted April 10, 1874.

Alsup & Co. appeared, and, after excepting to the petition, made their answer, and moved the court to dissolve the injunction—

1. For want of equity in the petition.

2. Because the plaintiffs' remedy was by appeal or *certiorari.*

3. Because the plaintiffs do not offer to return the cotton, &c.

The court overruled the motion, and made the injunction perpetual, at the cost of Alsup & Co. From that judgment they have prosecuted this writ of error

Plaintiffs in error complain that the court perpetuated the injunction on their motion to dissolve it before the case was called for trial on the merits, disposing of the whole case without the intervention of a jury, and that it was done without their consent.

It appears from the recitals in the judgment that the parties announced ready on the motion, and that the judgment of which plaintiffs in error complain was rendered after hearing the arguments of counsel. There were no facts to be passed upon by a jury. The allegations of the petition for injunction were not denied in the answer in any matter material to the rights of the parties. It does not appear that the defendants demanded a jury, or that they desired to further litigate their case in the District Court. On the contrary, they gave notice of an appeal, without any expression of a desire for a jury, or showing even that there were any facts in issue proper for the action of a jury.

The judgment of the justice of the peace, quashing the claim bond and dismissing the claim of Martin and John Norris, did not involve a trial of the right of property between them and Alsup & Co. There was no adjudication of the right of property in that case, but only a judgment dismissing the claim and quashing the bond and for costs. The plaintiffs in the injunction suit were not seeking to enjoin proceedings under that judgment, but to restrain the collection of an execution on the claim bond after it was quashed for the amount of Alsup's judgment against Sanford Norris. The execution, which is set out in full in the defendant's answer and made part of it, recites all the proceedings had before the justice of the peace, embracing the judgment quashing the claim bond, the return of the constable that the cotton had not been

delivered to him within the ten days, &c., and Alsup's judgment against Sanford Norris, and the indorsement of the forfeiture of the bond. It is not certain whether it was intended that the execution should rest as a basis to support it on Alsup's judgment, or on the forfeited claim bond, or on both. Be that as it may, it appearing on the face of the proceedings that there has never been a trial of the right of property, there is no judgment to support the execution and no authority for issuing it. In no just sense can it be said that the claimants have failed to establish their right to the property when they were refused a trial and the bond was quashed against their consent and at the instance and on motion of the plaintiffs in attachment.

Again, it is not shown how the remaining seven bales of cotton, levied on as the property of Sanford Norris, were disposed of. It does not appear that there was any controversy about the seven bales, or that Alsup's judgment might not have been satisfied out of this cotton without proceeding against the three bales claimed by Martin and John Norris.

It can hardly be said, we think, that the obligors in the claim-bond were chargeable with notice of the forfeiture of the bond under the facts of this case, or that their remedy was by appeal or *certiorari.*

The rights and liabilities of parties in cases in which a claim-bond may be defective, or the rights and liabilities of parties on a forfeited claim-bond, when forfeited in the mode pointed out in the statute, need not be examined in the present case.

As the record presents the case we find no error in the judgment of the District Court, and it is affirmed.

AFFIRMED.