### JUNCTION CITY SCHOOL INCORPORATION v. TRUSTEES OF SCHOOL DISTRICT No. 6.

#### No. 6896.

**School District—Injunction to Protect its Limits, etc.**—Junction City incorporated for school purposes only. Its boundaries were a square of six miles length of sides. It included a part of School District No. 6, taking five square miles of its territory, its school house, and seventeen of the twenty-five children of scholastic age. District No. 6 had been regularly organized and had maintained a school. The Junction City authorities were proceeding to collect a special school tax of the annexed part of District No. 6. The trustees of the latter applied for an injunction, alleging the facts, and that the inhabitants of the annexed territory were opposed to the invasion of their territory, etc., and that if allowed it would deprive the inhabitants of the district of school privileges. Temporary injunction was issued. The defendant demurred and urged a motion to dissolve. The court overruled the demurrer and motion, perpetuating the injunction. *Held:*

1. The law that permits cities and towns to incorporate for school purposes does not intend to grant them the privilege of extending the limits of the town boundaries so as to absorb and include remote rural school districts that are no part of the original town, especially when the incorporated limits, without the consent of the inhabitants of the rural district, include an unreasonable extent of territory.

2. There is no inflexible rule of law that determines when the incorporated territory is excessive and unreasonable in limits. This is only ascertained by an inquiry into the facts of each particular case.

3. The demurrer and motion to dissolve were properly overruled.

4. The allegations in the petition not having been denied, it was not error that the injunction was perpetuated without evidence on the hearing.

APPEAL from Kimble. Tried below before Hon. A. W. Moursund. The opinion states the case.

*Marshall Fulton,* for appellant.—1. The appellant having incorporated under the statute for school purposes only, and in the manner provided therefore, and having levied the tax in the mode directed by law on the property within the corporate limits, it has the right to enforce the payment of such tax. Rev. Stats. 1879, art. 483, et seq.; Rev. Stats. 1879, chap. 5; Sayles' Civ. Stats., art. 451a, et seq.

2. The town of Junction City, the county seat of Kimble County, had the right to incorporate for school purposes, and in so incorporating include such territory in said town and adjacent thereto in such school corporation as the county judge might see proper to submit to a vote for incorporation, and the act of incorporating can not be collaterally attacked. Gen. Laws 1881, pp. 114, 115; Rev. Stats. 1879, arts. 506, 508; Sayles' Civ. Stats., arts. 193, 197; Gen. Laws 1881, pp. 63, 64; Sayles' Civ. Stats., art. 170; Johnson v. Smith, 21 Texas, 722–728; Hardiman v. Herbert, 11 Texas, 658, 659; Hatch v. Dunn, 11 Texas, 708; Withers v. Patterson, 27 Texas, 491; Bryne v. Fagan, 16 Texas, 395.

3. The court could not render judgment without proof of the allegations in plaintiffs' petition. Rev. Stats., arts. 1284, 1285.

*W. A. Williamson,* for appellees.—1. The court did not err in overruling defendant's general demurrer and motion to dissolve the injunction. Junction City did not have the right, in incorporating, to extend its limits far into the adjacent county and wrest from appellees their school house, five square miles of their territory, three-fourths of their children within scholastic age, and to tax the citizens of their district to support a school out of their reach, making it out of the power of appellees to sustain a school in their School District No. 6; and all against the consent of appellees and said District No. 6. Sayles' Civ. Stats., arts. 3731–3733i.

2. The court did not err in making injunction perpetual without proof from plaintiff. An injunction may be made perpetual on the pleadings when the material allegations in the petition are not denied in the answer. Sayles' Civ. Stats., art. 2890; Eason v. Killough, 1 Ct. App. C. C., sec. 604; Jackson v. Browning, 1 Ct. App. C. C., sec. 605.

FISHER, JUDGE, *Section B.*—On October 15, 1888, appellees as trustees of School District No. 6 of Kimble County instituted this suit against appellant, seeking to enjoin it in the exercise of any control or authority over the territory embraced in School District No. 6 of Kimble County, and restraining it from levying and collecting any tax on the property situated within said district. The court below granted the injunction. At the October term, 1888, of the District Court appellant by way of answer filed a general demurrer and motion to dissolve for want of equity in the bill. The court overruled the demurrer and motion to dissolve, and without hearing evidence perpetuated the injunction, rendering judgment against appellant restraining it from exercising any control or authority over School District No. 6, and from levying and collecting any tax upon the inhabitants or property situated within said district.

Appellant presents two assignments of error which question the correctness of the action of the court in overruling the demurrer and mo-

tion to dissolve and in rendering judgment perpetuating the injunction, "because the facts set out in said petition do not show that plaintiff has any right to restrain the defendant from collecting the tax, the petition showing defendant duly incorporated for school purposes and that said tax was duly levied, and that Junction City had the right to incorporate and include the territory described in said petition for school purposes; and the court erred in rendering judgment making the injunction perpetual, because the petition shows a legal incorporation of appellant and that it legally included the territory and legally levied the tax."

The above is the substance of the verbiage of the assignments. Appellant under these assignments presents three propositions, two of which assert the right of Junction City to incorporate and include the territory defined in the petition and to levy and collect the tax enjoined; the third proposition asserts that the court erred in rendering judgment without proof of the allegations of the petition.

These assignments necessarily require a review of the facts alleged in appellees' petition to understandingly appreciate their effect. The petition alleges in substance that in June, 1884, the Commissioners Court of Kimble County subdivided the county into eleven school districts, one of which was District No. 6 and another District No. 1, which included Junction City, the county seat of Kimble County, each with well defined limits and boundaries. In 1887 the citizens of Junction City made application to the county judge for the purpose of organizing and incorporating the town for school purposes only. The territory embraced in the application is described to commence at a point three miles due south of the court house in said town, thence west three miles, thence north six miles, thence east six miles, thence south six miles, thence west three miles to beginning, containing thirty-six square miles of territory. May 25, 1887, an election was held under this application and resulted in said incorporation, with limits and boundaries as stated. The territory embraced within said incorporated limits conflicts with and encroaches upon the territory of School District No. 6 to the extent of five square miles. The school house of District No. 6 is located within said disputed territory, together with seventeen children of the scholastic age residing in said district. The total scholastic population of District No. 6 does not exceed twenty-five children. Appellees assert that the effect of the invasion of its territory by appellant is to deprive said district of its school house and of seventeen of its school children and to destroy the advantages of a school within said District No. 6. Appellees, prior to the inclusion of the disputed territory within the boundaries of appellant's corporation, had enjoyed the benefits and privileges of a public school within said district, and the trustees thereof had been duly elected each year and had never aban-

doned said school, and had continuously exercised their official functions, and had during said time received their pro rata of the school funds due said school. Appellant's appropriation of the disputed territory deprives appellees of these benefits. Appellant levied a tax of 50 cents on each $100 worth of property situated within said appropriated five square miles for the purpose of supporting the schools of Junction City. Appellees were desirous of levying a tax of 20 cents on the $100 worth of property within said district for the purpose of building and improving the school house, but were prevented from so doing by reason of the tax imposed by appellant. Appellees attack the legality of the election held by appellant for the purpose of incorporating and for levying the tax, on the ground that citizens of District No. 6, except those within the disputed strip, were not permitted to vote. Appellees aver that the citizens of the disputed strip as well as those of the whole district protested against the inclusion by appellant of said disputed territory and against the levy of said tax. The petition avers that the officers of said incorporation are now seeking and threatening to collect the tax so levied and to sell appellees' property in payment of said tax. The petition negatives the existence of a legal remedy, and asserts that the wrongs complained of are continuous in character, and if permitted will result in irreparable injury to appellees. The petition alleges the incorporation of appellant, and concludes with a prayer for the relief granted.

The law in existence at the time of the creation of the school districts by the Commissioners Court of Kimble County required the counties to be divided into convenient districts, and when once established should not be changed without the consent of a majority of the legal voters in all districts affected by such change. The law provides for election of trustees in each district, with power to sue and be sued, and authorizes the levy of a tax by election held by the qualified voters of the district. Acts of 1884, p. 38; Sayles' Civ. Stats., arts. 3731–3733h.

The petition shows a compliance with law in creating the districts, and it negatives the consent of the electors of District No. 6 in the encroachments of appellant upon the territory of the district, and in levying and collecting the tax imposed by appellant. The law that permits cities and towns to incorporate for school purposes did not intend to grant them the privilege of extending the limits of the town boundaries so as to absorb and include remote rural school districts that are no part of the original town. Especially is this true when the incorporated limits, without the consent of the inhabitants of the rural districts, include an unreasonable extent of territory, which includes the school house of the district and the major portion of its scholastic population. There is no inflexible rule of law that determines when the incorporated territory is excessive and unreasonable in limits. This

is only ascertained by an inquiry into the facts of each particular case. Acts of 1881, pp. 114, 115; The State v. Eidson, 76 Texas, 303.

The allegations of the petition that seek to show that the territory embraced within the limits of appellant's boundaries is excessive and unreasonable in extent may be the subject of criticism if questioned by a special demurrer, but from the allegations of the petition as a whole we think it sufficient to stand the test of a general demurrer. The motion to dissolve and the demurrer present the same questions. We think both were properly overruled. The effect of the general demurrer was to admit the truth of the facts alleged in the petition. Lambeth v. Turner, 1 Texas, 364; Zacharie v. Bryan, 2 Texas, 276; Williams v. Warnell, 28 Texas, 611.

No answer to the merits being presented, upon overruling the demurrer the court properly rendered judgment perpetuating the injunction. Appellant can not insist that the court should hear evidence in proof of facts which it has admitted. Alsup v. Allen, 43 Texas, 599; 2 High on Injunc., art. 1478.

We conclude that the judgment should be affirmed.

*Affirmed.*

Adopted May 19, 1891.