R. P. PINSON ET AL. V. JOHN VESEY, COUNTY JUDGE, ET AL.

Decided March 29, 1900.

**1. Incorporation of Town for School Purposes Only—Petition for—Map.**

Under the Act of March 19, 1897, p. 45 (1 Sayles' Revised Civil Statutes, article 616a), relating to the incorporation of towns for school purposes only, the limits of the proposed incorporation may be extended so as to embrace agricultural and rural lands; and where the petition for incorporation contains a statement clearly defining the boundaries thereof, it need not be accompanied by a map or plat of the town, as required by Revised Statutes, article 580, relating to the incorporation of towns for general municipal purposes. Furrh v. State, 6 Texas Civil Appeals, 221; State v. Eidson, 76 Texas, 302; McClesky v. State, 4 Texas Civil Appeals, 325, distinguished.

**2. Same—Infringing Upon Other Districts.**

The incorporation of a town for school purposes only under the Act of March 19, 1897, will not be held illegal because it infringes to a small extent upon other adjoining rural school districts established by the commissioners court.

**3. Same—Consent of Such Other Districts.**

Whether it would be necessary to obtain the consent of a majority of the voters in such other adjacent districts is not decided, since, in this case, the pleadings and evidence fail to show that the infringment is to any material extent, or that the consent of a majority of the voters in such district was not obtained. Barrett v. Coleman, 12 Texas Civil Appeals, 663, and Junction City School Corporation v. Trustees, 81 Texas, 148, reviewed and distinguished.

APPEAL from Kaufman. Tried below before Hon. J. E. DILLARD.

*J. D. Cunningham,* for appellants.

GARRETT, CHIEF JUSTICE.—The appellants brought this suit in the court below to obtain an injunction against the county judge of Kaufman County and others to restrain them from holding an election to incorporate the town of Forney in said county as an independent school district for school purposes only. Upon final hearing the injunction was refused.

The town of Forney is an unincorporated town containing about 1000 inhabitants, settled within an area of about one and a half square miles. A number of years ago school districts were laid out and established throughout the county by the commissioners court. School districts Nos. 75 and 76 were so laid out as to divide the town of Forney and include a large scope of the adjacent rural and agricultural lands. Districts Nos. 28, 29, and 31 lay contiguous to these districts. Afterwards the Forney districts Nos. 75 and 76 were legally consolidated under the name of Consolidated District No. 75.

On May 25, 1899, N. E. Shands and others, a requisite number of the residents of the town of Forney and of consolidated district No. 75, presented to the county judge of Kaufman County a petition for the incorporation of the town of Forney for school purposes only. The boundaries of the proposed corporation were set out in the petition, and defined an area of about eighteen square miles of territory, of which

about sixteen square miles were rural and agricultural lands, including farms and ranches. The town of Forney lies wholly within the consolidated district No. 75, and the boundaries of the proposed corporation include that entire district, and take from the adjacent districts Nos. 28, 29, and 31 only a small portion of their territory; taking from No. 28 about one square mile, including about ten children; from No. 31 about one square mile, including four families; and from No. 29 about 100 acres, including one family of two or more children. These districts include within their limits about fifteen or sixteen square miles each, and the conflict with them was made only to straighten lines or follow well known land lines. The question of incorporation was submitted to the legal voters only residing within the limits of the boundaries defined in the petition.

The proposed election was to be held in accordance with article 616a of Sayles' Revised Statutes, and not in accordance with article 580, as appellants seem to think. The latter article provides for the incorporation of a town for general municipal purposes, while article 616a provides for its incorporation for school purposes only. In accordance with this article the limits of the proposed incorporation need not be confined to the limits of the town proper, but may be extended so as to take in agricultural and rural districts, not to exceed in all twenty-five square miles. State v. Allegree, 3 Texas Civ. App., 437. The petition upon which the proposed election was ordered contained a description of the proposed corporation by giving the boundaries thereof as required in article 616a. It is not necessary to accompany the petition in such case with a map or plat of the proposed town, as required in article 580. The cases cited by the appellants in support of their contention are Huff v. Pruett, 53 Southwestern Reporter, 844, and Furrh v. State, 6 Texas Civil Appeals, 221.

Huff v. Pruett was a suit to contest an election held to incorporate the town of Wichita Falls under article 580 of the Revised Statutes, and not to incorporate a school district, as under article 616a. The election was held void both because no map or plat accompanied the petition as required by article 580, and because the county judge did not require and hear proof as to the requisite number of inhabitants, as required by article 581. See Huff v. Pruett, 54 Southwestern Reporter, 610, on motion for rehearing. Furrh v. State was quo warranto to oust the trustees of the town of Waskom, in Harrison County, which the residents had incorporated as a school district, and which was claimed to have been illegally incorporated, because the application for election did not state the boundaries of the proposed town or village. The incorporation was held void on that account.

In the case now before the court the petition proposes to incorporate certain territory, including the town of Forney and adjacent country to the extent of about eighteen square miles, as an independent school district under article 616a of the Revised Statutes. While the petition was accompanied by no map or plat of the town, it contained a statement

of boundaries thereof which was sufficient, and the cases cited above are clearly inapplicable.

It is further contended that because the district, including the town of Forney, embraced also rural agricultural lands, the election, if held, would be void. State v. Eidson, 76 Texas, 302, is cited to sustain this position. That was an attempt to incorporate the town of Hamilton for school purposes only under Act of April 6, 1881, 1 Sayles' Revised Statutes (1879), article 541a. The territory sought to be incorporated included twenty-eight square miles, embracing a large rural district, while the collection of houses comprising the town proper did not cover over two square miles. The Act of 1881 did not prescribe the territory that might be incorporated, as does the present act, but only authorized the incorporation by towns, without defining any limits. The incorporation was held void because the boundaries extended beyond the town proper and included a large scope of rural lands. The cases of Ewing v. State, 81 Texas, 172, and McClesky v. State, 4 Texas Civil Appeals, 322, also cited, both relate to the incorporation of towns for general municipal purposes, and are not applicable to the question here raised.

It is claimed also that the election would be void because the territory sought to be incorporated includes and infringes upon other rural school districts previously established by the commissioners court, and is proposed to be created without the consent of the majority of the legal voters of the districts so affected. The districts infringed on are school districts that had been established by the commissioners court under a law similar to that now embodied in article 3938 of the Revised Statutes, while the proposed district is sought to be established by an election held under article 616a to incorporate a town for school purposes only. As shown by the facts in this case, consolidated school district No. 75 embraces practically all of the territory sought to be incorporated. It infringes on school districts established by the commissioners court Nos. 28, 29, and 31 to a very small extent, not enough to make the infringement material. The infringement on district No. 28 is only about one square mile of its territory, containing about ten children; on district No. 31 it is only about one square mile of its territory, including four families, while district No. 29 would be infringed on to the extent of only about 100 acres of land and one family. Some of the witnesses testified that the infringement on these districts was made only in order to straighten the boundaries. We do not think that any material interference with these districts has been shown.

Again, it is not shown by the evidence that the consent of a majority of the legal voters of the districts sought to be infringed on has not been obtained. All that the evidence shows in this respect is that the proposed election will be held only by the voters within the districts sought to be incorporated, and that the voters living in the districts infringed upon and outside of the proposed territory will not have a vote in the election, but it has been held that no method has been

prescribed by law by which the county judge should ascertain the consent of the majority of the legal voters. Porter v. State, 48 Texas, 591. It does not appear from the evidence or from any allegation in the petition that a majority of the legal voters in the districts Nos. 28, 29, and 31 have not consented to the incorporation of the town of Forney so as to include a part of the territory of these districts.

In Barrett v. Coleman, 12 Texas Civil Appeals, 663, cited by the appellants, the school district was sought to be created out of the territory belonging to each of two other districts. A majority of the voters of one of the districts voted in favor of consolidation, while the majority of the voters of the other district voted against it, but the combined votes of the two districts showed a majority in favor of the proposition; it was held that the majority of the voters of each of the districts was required. Porter v. State, supra, holds that school districts may be subdivided with the consent of a majority of the legal voters of the district to be subdivided, and, as above stated, that the method by which the will of the majority is to be determined is left to the discretion of the commissioners court. In Whitmire v. State, 47 Southwestern Reporter, 293, a new district was created by the commissioners court out of a part of an old district without the consent of the majority of the voters of the old district, and it was held that the judgment of the district court annulling the action of the commissioners court should be affirmed. None of the above cases pass upon the question of whether or not the town may be incorporated under article 616a for school purposes only by a vote of the people as prescribed therein, so as to affect rural districts established by the commissioners court without the consent of the majority of the legal voters of the districts to be affected by the proposed corporation; but the case of Junction City School Corporation v. Trustees, 81 Texas, 148, seems to involve the question. The decision of that case, however, may be sustained on the ground that an excessive amount of the territory was included in the limits of the Junction City district. The court said: "The law that permits cities and towns to incorporate for school purposes did not intend to grant them the privilege of extending the limits of the town boundaries so as to absorb or include remote rural school districts that are no part of the original town; especially is this true when the incorporated limits, without the consent of the inhabitants of the rural districts, includes an unreasonable extent of territory, which includes the schoolhouse of the district and the major portion of its scholastic population. There is no inflexible rule of law that determines when the incorporated territory is excessive and unreasonable in its limits. This is only ascertained by an inquiry into the facts of each particular case."

When this decision was made the law did not allow a town to incorporate so as to include adjacent territory, as it now does. But even under this decision, in order to affect other school districts without the consent of a majority of the voters of such districts, the infringements on such districts must be material. We need not decide, however,

whether or not, in the case now before the court, the question of including a part of districts Nos. 28, 29, and 31 in the town should have been submitted to all the voters of those districts at the election which appellants sought to enjoin, since it is not shown either by the pleadings or the evidence that the consent of the majority of the legal voters of the districts had not been obtained, or that the proposed infringement would materially affect them.   The judgment of the court below will be affirmed.

*Affirmed.*

Writt of error refused.