### J. T. Glass et al. v. Tom M. Pool et al.

No. 2617.   Decided February 18, 1914.

#### 1.—Constitutional Law—Statute—Construction.

A statute must be sustained when it is not manifestly in conflict with some provision of the Constitution; and in testing this its language must receive such construction as will conform to constitutional requirements, if it is capable of such interpretation.   (Pp. 270, 271.)

#### 2.—Same.

Statutes can not be declared invalid on the ground that they are unwise, unjust, unreasonable or immoral, nor because opposed to public policy or to the spirit of the Constitution.   (P. 271.)

#### 3.—School District—Constitution—Special Law—Creating Offices.

The Act creating Clifton Independent School District (Local and Special Laws, 33d. Leg., p. 107) was not invalid, in providing for its government by school trustees, by reason of the prohibition against creating offices by local or special law (Const., art. 3, sec. 56).   The office of trustee was one already existing under the laws of the State.   Neither was the continuing of the old trustees in office by such Act until the new were elected an appointment of officers by such Act.   (Pp. 271, 272.)

#### 4.—School District—Taxation—Sites for School Buildings.

The right of an independent school district to levy taxes, when authorized by statute, for the erection of school buildings (Const., art. 7, sec. 3), implies also the right to do so for the purchase of sites for such buildings. (Pp. 272, 273.)

Questions certified from the Court of Civil Appeals, Second District, in an appeal from Bosque County.

*S. P. Sadler* and *James M. Robertson,* for appellant.—The Legislature may make any law not prohibited by the Constitution of the State or of the United States, and courts, in order to hold an Act unconstitutional, must be able to point out the specific provision which inhibits the legislation expressly or by clear implication.   Harris' Annotated Constitution of Texas, art. 7, sec. 3, p. 515, etc.; State v. Brownson, 94 Texas, 436, and authorities there cited; art. 2857, Rev. Stats. of Texas, 1911, same being secs. 154 and 154a, Acts 1909, chap. 12, p. 17; Coffman v. Goree Ind. Sch. Dist., 141 S. W., 132; Wilson v. Brown, 145 S. W., 639; El Paso v. Ruckman, 92 Texas, 86; Brennan v. Bradshaw, 53 Texas, 331; Graham v. City of Greenville, 67 Texas, 62; Brown v. Galveston, 97 Texas, 1.

It is within the legislative discretion, and within the political power of the Legislature to determine the question of the character of the district, the limitation of its powers, the territory to be included, and the convenience thereof, and the Legislature is the sole and exclusive judge of these matters, and its determination of the advisability of its own acts in creating the district as defined, is not subject to review by the courts. Coffman v. Goree Ind. Sch. Dist., 141 S. W., 132; El Paso v. Ruckman, 92 Texas, 89; Kettle v. City of Dallas, 35 Texas Civ. App., 632, and authorities cited.

Under the Constitution of the State of Texas, the special Act creating said Clifton Independent School District and the general laws of the State of Texas, said trustees are specially empowered to issue such bonds. Rev. Stats. of Texas, 1911, art. 2857; Acts of 1909, chap. 12, p. 17, sec. 154, etc.; Dallas County v. Plowman, 99 Texas, 509; Bodenheim v. Lightfoot, 103 Texas, 639; Kennedy v. Birch, 74 S. W., 593; Norris v. Waco, 57 Texas, 635; Cotteral v. Barker, 34 Okla., 533.

*H. J. Cureton, B. J. Word, W. F. Ramsey,* and *C. L. Black,* for appellants.—Any law or system of laws the effect of which is not to provide for an efficient system of public free schools, violates section 1, article 7, of the State Constitution. Art. 7, sec. 1, State Constitution; McLaughin v. Smith, 148 S. W., 288; Richards v. Raymond, 92 Ill., 612; Wells v. City of Weston, 22 Mo., 384; Morford v. Unger, 8 Iowa, 82; Langworthy v. Dubuque, 13 Iowa, 86; Smith v. Sherry, 50 Wis., 210; Denver v. Coulehan, 39 Pac., 425; City of Covington v. Southgate, 15 B. Mon., 491; Junction v. School District, 81 Texas, 148.

The district created by this special Act of the Legislature was so formed and laid out as to subject these plaintiffs as property owners to taxation to erect a local improvement in said district, and it appearing from the facts that they have no interest, direct or indirect, in said improvement and can receive no benefits from same, and by the issuance of said bonds and the levy of said tax will be prevented from levying a tax to support their own local schools, the act deprives them of their property without due process of law and of the equal protection of the laws, in violation of the State and Federal Constitutions. Wells v. Weston, 22 Mo., 334; Smith v. Sherry, 50 Wis., 210; Denver v. Coulehan, 39 Pac., 425; Morford v. Unger, 8 Iowa, 82; Sharpless v. Mayor, 21 Pa. St., 147; Manistree v. Springfield, 52 N. W., 568; Lively v. M., K. & T. Ry. Co., 102 Texas, 545.

The Legislature was without power, under section 56, article 3, of the State Constitution, to pass a local and special law such as that which created the Clifton Independent School District, and in the same create *offices,* name the persons who should fill same, and prescribe the powers and duties of officers in said district. Constitution, sec. 56, art. 3, sec. 3, art. 7, sec. 57, art. 3.

Where a school district is formed in violation of the Constitution of this State, and the trustees thereof are undertaking to levy and collect illegal taxes, any person or persons subjected to the imposition of such

illegal taxes will be entitled to relief by injunction in the courts. The rule that the courts will not, in a collateral proceeding, inquire into the validity of the district has no application to such case. Parks v. West, 102 Texas, 11; Lunn v. Bowie, 18 S. W., 142; Junction v. School District, 81 Texas, 148.

Article 2857, Revised Statutes, 1911, applies to boards of trustees of *districts created by special law,* but does not apply to *boards created by special law.* The Legislature, in creating the Clifton Independent School District, not only created a district, but created the board of trustees, naming the very persons who should fill the same. Sec. 3, art. 7, and sec. 56 of art. 3, of State Constitution; art. 2857, Rev. Stats. of 1911.

The power given the Legislature in section 3, article 7, of the State Constitution to authorize school districts to levy and collect an ad valorem tax not exceeding 50 cents on a $100 valuation of property in school districts for the *maintenance of schools therein* and for the *erection* and *equipment* of school buildings therein does not include or imply the power to authorize said school districts to levy and collect a tax to purchase sites for school buildings. State Const., art. 7, secs. 3 and 5; Fort Worth v. Davis, 57 Texas, 225; Parks v. West, 102 Texas, 11; Waxahachie v. Brown, 67 Texas, 520; Witter v. Board of Supervisors, 83 N. W., 1041; State v. Board of Education, 33 Atl., 923.

Mr. Chief Justice BROWN delivered the opinion of the court.

We copy the statement submitted by the Court of Civil Appeals to this court:

"Tom M. Pool and the other appellees in this case filed their petition before the Hon. O. L. Lockett, judge of the Eighteenth Judicial District, complaining of J. T. Glass and the other appellants, seeking to prevent by the aid of a writ of injunction the issuance and sale of certain bonds by the Clifton Independent School District, and from a judgment granting such relief, the defendants have appealed.

"Briefly stated, the complainants' petition alleges that the defendants Glass, Clements, Nelson, Olsen, Butler and Parks are the acting trustees of the Clifton Independent School District; the defendant Thomas is tax assessor of Bosque County; the defendant Moorland is tax collector of Bosque County; defendant Looney is Attorney General, and the defendant W. P. Lane Comptroller of the State of Texas, respectively; that during the regular session of the Thirty-third Legislature of Texas a special or local law was passed without the constitutional notice in advance creating the Clifton Independent School District in Bosque County, Texas, with field notes as set forth in that Act; that the complainants are owners of real estate subject to taxation situated within the boundaries of said proposed school district; that in gross disregard of plaintiffs' rights and of the rights of other citizens of Bosque County, Texas, similarly situated, the Legislature in creating said district formed a district in an irregular, oblong shape of an average width of one to one and a half miles, extending north of the town of Clifton, which is

situated within such district, for a distance of approximately four miles and south approximately five miles; that the lines of the district are so run as to follow approximately the contour of the rich valley of the Bosque River, including therein the valuable farming lands of the complainants and others, and carefully excluding therefrom the rough cheaper uplands upon which the plaintiffs reside, thereby excluding them from the benefits of the Clifton public free school and of the taxes to be raised by assessment on their property; the complainants allege further that many of them whose residences are situated within the district are at a distance so remote from the Clifton public school building that it is impossible for them to patronize the same and that by reason of the narrow and irregular shape of said district many other resident citizens of Bosque County who are just outside the territorial limits are yet so near to the Clifton school and so inconveniently and remotely situated from other school districts and schools as that it will be necessary for them to transfer annually to the Clifton Independent School District, in which event such parents transferring their children will lose the benefits of such special taxes as may be levied upon their farm lands included in the district; they further allege that by reason of the fact that the most valuable portions of their lands have been included in the Clifton Independent School District that it will be impossible for them to raise by taxation any reasonable sum for the maintenance of schools in any other independent or common school district which is in existence or may be created to include their residences. In short, upon this point the substance of the complaint is that a 'few citizens residing within the corporate limits of Clifton conspiring to lay out a district solely for the benefit of the school children in the town of Clifton and in high-handed and negligent disregard of any rights that scholastic populations within the local district had, wilfully and falsely and knowingly represented to the Legislature and wilfully, falsely and knowingly represented to the Governor that the great majority of the people affected by said district were favorable to the same, and in so doing they caused the Legislature to perpetrate a legislative fraud and have caused the same to attempt to create a district in violation of the rights of the school children of the farmers whose lands are taken into the district, and attached to the town of Clifton for the selfish purpose of building up a school for the children of Clifton only.' The special Act creating the Clifton Independent School District is pleaded *in haec verba* as it appears in the local and special laws of Texas, Regular Session, Thirty-third Legislature, page 107.

"The complainants allege that the defendants named as trustees are making an effort to issue coupon bonds of said district in the sum of twenty-five thousand dollars, payable forty years after date, with five per cent interest, for the purpose of purchasing a site and erecting a school building in the town of Clifton; that an election for such purpose has been held and the result declared favorable, and that unless a writ of injunction is issued restraining them and the Attorney General and the State Comptroller, such bonds will be approved and registered

and sold and a lien thereby created for the full period of forty years against complainants' land. The complainants attack the validity of the Act of the Legislature creating the Clifton Independent School District upon the ground that the same violates the following provisions of the State Constitution, towit: Section 1 of article 7, section 56 of article 3, section 3 of article 7, as well, also, as those provisions of the Federal and State Constitutions against depriving any citizen of property, privileges, or immunities except by due course of law of the land. (Constitution of the U. S., amended article V; State Constitution, sec. 19, article 1.) The complainants allege that in the event the said special Act creating the Clifton Independent School District is not invalid, yet the attempt of the defendant trustees to issue bonds and thus create a lien upon complainants' property for the purpose for which such bonds are proposed to be issued, towit, the purchase of a site for a public school building in said town of Clifton, is without authority in law and void and they, therefore, are entitled to the relief sought. For a fuller statement of the issues and of the facts bearing upon them, your honors are referred to the pleadings and the agreed statement of the facts contained in the transcript which will accompany this certificate:

"The case was tried before the Honorable District Court upon appellants' demurrers and motion to dissolve upon an agreed statement of the facts, and as already stated, judgment was entered perpetually enjoining the defendants from proceeding further in their efforts to procure and cause said bond issue. The agreed facts found in the record abundantly support the allegations of complainants' petition. The case is regularly before this court on appeal, and in view of the importance of the questions involved, affecting, as they do, not only the validity of the Clifton Independent School District, but probably many others as well, we deem it proper to certify to your honors the following questions:

"*First.* Is the special Act of the Thirty-third Legislature creating the Clifton Independent School District (Local and Special Laws of Texas, Thirty-third Legislature, page 107) invalid under the facts alleged and proved in this case? And

"*Second.* If not, did the trial court err in perpetually enjoining the appellants from the issuance of the proposed bonds of the Clifton Independent School District for the purposes named?"

We answer that the Act referred to in the first question was and is valid. And we further answer the trial court erred in granting and in perpetuating the injunction, thereby preventing the officers of the Clifton School District from issuing the bonds of the district, as authorized by the votes of qualified voters of that district.

We will discuss the two questions together as both depend upon the validity of the statute incorporating the district which authorized the bond issue.

If the statute is not manifestly in conflict with some provision of the Constitution, then we must sustain and construe it as we find it ex-

pressed. In testing the constitutionality of the statute in question the language must receive such construction as will conform it to any constitutional limitation or requirement if it be susceptible of such interpretation, and the law here brought into question must be sustained unless it be clearly in conflict with some provision of the Constitution.

In the form of counter propositions counsel for appellees present these grounds of invalidity of the law creating the Clifton Independent School District: (1) The form of the district which excludes appellees from its benefits. (2) That the Act does not provide an efficient system of free schools and is void. (3) The Legislature has no power to create a school district in such form as to destroy adjacent districts, etc. Many decisions of other States are cited, but none of them is more pertinent than the case of Junction City School Incorporation v. Trustees of School District No. 6, 81 Texas, 148. That district was created by the County Court, which had no authority except what the law granted, but in the present case the Legislature had all power not denied to it by the Constitution. The case of Parks v. West, 102 Texas, 11, is not in point, for there the Legislature formed a district embracing territory in more than one county, which this court held to be forbidden by the Constitution. Neither of the cases cited is in conflict with the validity of the Act involved in this proceeding.

Before discussing the provisions of the Act creating the district which are assailed as rendering the Act void, we will consider the charge of unfairness to plaintiffs and others in the creation of the district. The following statement of the law answers the plaintiffs' attack fully and needs no argument to show its conclusiveness:

"Statutes can not be declared invalid on the ground that they are unwise, unjust, unreasonable or immoral, or because opposed to public policy, or the spirit of the Constitution. Unless a statute violates some express provision of the Constitution it must be held to be valid." Lewis' Sutherland Statutory Construction, vol. 1, sec. 85.

The law in this respect has not been shown to be in conflict with the Constitution in any particular, therefore no court in this State has power to right that wrong, if it be such. This conclusion embraces all of the objections which relate to the unfairness, injustice and wrong to the complainants whether they occurred through fraud, inadvertence or want of information, all of these matters were settled by enacting the law. We will not discuss them in detail.

Article 3, section 56, of the Constitution provides:

"The Legislature shall not, except as otherwise provided in this Constitution, pass any local or special law creating offices, or prescribing the powers and duties of officers, in counties, cities, towns, election or school districts."

Counsel for appellees insist that the Act creating the district violates that provision in that it creates offices and names officers. The school trustee was not a new office within the meaning of the clause of the Constitution copied above. The Act simply adopted the name and provided for the management of the affairs of the district by trustees, which

office existed, being named in the general law and in many special Acts. Neither did the Legislature appoint any officer, but within the authority to create the district continued the existing trustees in office until those provided for in the bill should be elected.

With much earnestness counsel urge the proposition that the proposed bond issue is void because the Act provides:

"That the Clifton Independent School District shall have and exercise, and is hereby invested with all the rights, powers, privileges and duties granted under and by the General Laws of this State, to independent school districts for free school purposes only, and the board of trustees of said Clifton Independent School District shall have and exercise, and are hereby invested and charged with all the rights, powers, privileges and duties conferred and imposed by the General Laws of this State upon the trustees of independent school districts." Special Laws, Regular Session, 1913, sec. 7, p. 109.

The general law regulating free schools contains this provision:

"Art. 2857. Local Taxes; Bonds.—Trustees of a district that has been, or may hereafter be, incorporated under general or special laws, for school purposes only, shall have power to levy and collect an annual ad valorem tax not to exceed fifty cents on the one hundred dollars valuation of taxable property of the district, for the maintenance of schools therein, and a tax not to exceed twenty-five cents on the one hundred dollars for the purchase of sites and the purchasing, construction, repairing or equipping public free school buildings within the limits of such incorporated districts; provided, that the amount of maintenance tax, together with the amount of bond tax of the district, shall never exceed fifty cents on the one hundred dollars valuation of taxable property. Said trustees shall have power to issue coupon bonds of the district for building purposes, to be made payable not exceeding forty years from date, in such sums as they shall deem expedient, to bear interest not to exceed five per cent per annum; provided, that when such buildings are to be wooden the bonds herein provided for shall not run for a longer period than twenty years; provided, that the aggregate amount of bonds issued for the above named purpose shall never reach such an amount that the tax of twenty-five cents on the hundred dollars valuation of property in the district will not pay current interest and provide a sinking fund sufficient to pay the principal at maturity; and provided further, that no such tax shall be levied and no such bonds issued until after an election shall have been held, wherein a majority of the taxpaying voters voting at said election shall have voted in favor of the levying of said tax, of the issuance of said bonds, or both, as the case may be; provided, that the specific rate of tax need not be determined in the election."

Counsel assert that the law which authorizes the trustees of school districts, general and independent, to purchase "sites" for school buildings is void because it is not authorized by this provision of the Constitution:

"And the Legislature may authorize an additional ad valorem tax to

be levied and collected within all school districts, heretofore formed or hereafter formed, for the further maintenance of public free schools, and the erection and equipment of school buildings therein."

The literal construction of the Constitution insisted upon would destroy the bonds heretofore issued by school districts and create confusion in the management of the public free schools. But we have no hesitancy in holding the granting of the authority to build schoolhouses implies the authority to acquire the land on which they are to be erected. Lewis' Sutherland Statutory Construction, vol. 2, secs. 502, 503, 504.

There can be no controversy as to the power under that provision to purchase "*sites*," the land on which to erect the buildings. The plain words quoted answer the objection so earnestly pressed upon the court. Argument would be superfluous.