**FERGUSON et al. v. ACADEMY CONSOL. INDEPENDENT SCHOOL DIST. ***
(No. 7291.)

Court of Civil Appeals of Texas. Austin. Jan. 16, 1929.

Rehearing Denied Jan. 30, 1929.

A. L. Curtis and Tyler & Hubbard, all of Belton, for appellants.

Bowmer & Brewster, of Temple, and J. W. Thomas, of Belton, for appellee.

BLAIR, J. Appellee, Academy Consolidated Independent School District, sued appellants, Mrs. Miriam A. Ferguson and her husband, James E. Ferguson, for delinquent taxes, interest, and penalties, accrued as school taxes for the year 1926, against lands owned by them in the district. A trial to a jury on special issues resulted in a verdict and judgment for appellee; hence this appeal, predicated upon the following three propositions:

(1) That certain proffered testimony, which was excluded, of the value at which appellants' lands were assessed by the state and county for the same year, was admissible and pertinent upon the issue of whether said lands had been assessed by the school district "for an amount in excess of their true and fair market value."

(2) That appellants' defense, raised by the pleadings and evidence, that the "lands were so remote and inaccessible with reference to the location of the schoolhouses as not to be benefited" by the schools or taxes, should have been submitted to the jury as requested.

(3) That "after the board of appraisers had fixed the values of the lands * * * and assessed them for taxes * * * the assessor and collector * * * arbitrarily and without authority of law increased said valuation by ten per cent. as a penalty for failure to render said property for taxation for the year 1926."

The court correctly excluded the testimony relating to the value at which the state and county assessed the lands for the same year. Neither of appellants' propositions complains that their lands were assessed by appellee district in excess of their true and fair market value, and therefore the court's action excluding testimony relating to that issue is not material here.

But, aside from that reason, the testimony was not admissible because immaterial and irrelevant and sheds no light upon the issue of what was "the true and fair market value" of the lands at which the school district could assess them for taxation, which was the material issue in the case. The state and county and appellee school district are separate and distinct corporate bodies, each with power to tax property within their respective jurisdictions and without reference to the value the other may assess the same property for taxation; that is, the assessed valuations fixed by one body is not binding upon the other, and each body is left free to assess all property within its jurisdiction at what its officers charged with that duty find the true and fair market value to be. Therefore the value at which one such body may assess property for taxation for its purposes is wholly immaterial and irrelevant as to what value the other may assess it for its purposes.

Appellants cite the case of Power v. Andrews (Tex. Civ. App.) 253 S. W. 870, in support of the admissibility of the proffered testimony. But that case is not authority for the proposition asserted. It merely holds that the action of a school board which "arbitrarily, and without regard to market value of the lot in question, placed the valuation on said lot for school taxes at three times that fixed by the commissioners' court for state and county taxes, and for city taxes at twice said valuations," was void, because such

valuation was made without reference to the fair market value and because the school authorities "were not guided by the market value" in making the assessment. In this case the testimony is undisputed that the school board valued the property of appellants at what it found the true and fair market value to be and without regard to what the lands were assessed at for state and county purposes. It also appears that the testimony of the witness offered was hearsay and properly excluded on that ground.

■■ With reference to appellants' second proposition, they requested the submission of the following issue to the jury, which was refused: "Are the lands of defendant so remote from any public school supported or maintained by said taxes and is such school or schools so remote and inaccessible to persons residing thereon that the same are of no benefit to them or to said lands?"

Appellants contend that the issue should have been submitted because raised by both the pleadings and the evidence. We do not sustain the contention. Appellee was created an independent school district by special acts of the Legislature, under provision of article 7, § 3, of the Constitution, as it existed at the time, and is therefore a body corporate, with full power and authority to levy and collect taxes against all lands within its territorial limits for the support and maintenance of public free schools. Under article 7, § 1, of the Constitution, the establishment and maintenance of public free schools is made a state object, and the power granted by the Constitution to the Legislature to create school districts and to the board of trustees to maintain public free schools therein in order to effectuate this state object is necessarily governmental. Tisdale v. Eldorado Independent School Dist. (Tex. Civ. App.) 287 S. W. 147, affirmed by Com. App. 3 S.W.(2d) 420. Neither the Constitution nor statutes place any restraint upon the Legislature's power to create school districts, or upon the power of the board of trustees to levy and collect taxes against lands therein with which to maintain schools with regard to ascertaining if any lands in the districts are so remotely located from the schools as not to be benefited by such schools or taxes.

In the case of Glass v. Pool, 106 Tex. 266, 166 S. W. 375, where the Legislature had by special act created an independent school district, it was held that the owners of lands in such district had no constitutional or lawful right to complain that their lands were so remote and inaccessible to the schools maintained as to derive no benefit from the schools or taxes. We quote the following statement of the Supreme Court from that case: "This conclusion embraces all of the objections which relate to the unfairness, injustice and wrong to the complainants whether they occurred through fraud, inadvertence or want of information, all of these matters were settled by enacting the law."

■ This decision is based upon the settled doctrine that, where the Constitution gives the Legislature full and plenary power to deal with political subdivisions of the government, it may do so as it deems wise and best; or, as is said by Mr. Cooley: "Restraints on the legislative power of control must be found in the Constitution of the state, or they must rest alone in the legislative discretion. If the legislative action in these cases operates injuriously to the municipalities or to individuals, the remedy is not with the courts. The courts have no power to interfere, and the people must be looked to, to right, through the ballot box, all these wrongs." Cooley, Const. Lim. (6th Ed.) p. 229.

■ We therefore conclude that the special legislative acts creating appellee an independent school district with full power and authority to levy and collect the taxes sued for settled any question of whether the schools to be maintained by the taxes were so remote and inaccessible to persons residing on appellants' lands as to be of no benefit to them or to said lands.

Appellants cite the Archer County Special Road Bond Case (Browning v. Hooper, 269 U. S. 396, 46 S. Ct. 141, 70 L. Ed. 416), in support of their lack of benefits plea. But that case specifically recognizes the rule here announced, and distinguishes itself from this case by the following language: "Where a local improvement territory is selected and the burden is spread by the legislature, or by a municipality to which the state has granted full legislative powers over the subject, the owners of property in the district have no constitutional right to be heard on the question of benefits." Syllabus 6, 46 S. Ct. 141.

■ Appellants' third proposition, that the addition of 10 per cent. to the already assessed valuations as a penalty for failure of appellants to render their lands for taxation was without authority of law, is sustained. There is neither constitutional nor statutory authority for this action of the school board. Appellee contends, however, that since under appropriate special issues the jury found that appellants' lands, including the added penalty, were not assessed in excess of their true and fair market value, any error of law or mistake of fact made by the board as to the manner of arriving at that value was harmless and immaterial. The contention cannot be sustained, because in arriving at that true and fair market value the board failed to assess all taxes equal and uniform as required by the Constitution; that is, the board did not assess against lands of the same character and value of appellants' lands, and belonging to owners who rendered theirs for taxation, the 10 per cent.

penalty or increase. Therefore, there is a lack of equality and uniformity between the valuations of lands belonging to those who rendered for taxation and appellants' lands, which were not rendered for taxation, to the extent of the 10 per cent. penalty. But, appellee further contends that, since the board passed the 10 per cent. penalty or increase alike to all lands not rendered for taxation, such action constituted a proper classification or grouping of such lands for taxation purposes, and that the action of the board was therefore not violative of the equal and uniform provision of the Constitution. The vice of this contention is that, in assessing the penalty or making the increased valuations the board's action was not based upon any proper classification of the lands themselves, but upon a classification of the owners, and solely as a penalty, and without any reference to true and fair market value of the lands. There is no authority of law for the penalty, and its addition to the already assessed valuations of appellants' lands was therefore void as being in violation of the equal and uniform taxation clause of the Constitution.

However, appellee offers, in the event this court holds the 10 per cent. penalty added to be unlawful, to file a remittitur of the taxes based thereon. The remittitur is ordered filed, and the judgment is reformed so as to deny a recovery of all taxes, interest, and penalties based upon the 10 per cent. penalty added to the already assessed valuations of appellants' lands for their failure to render same for taxation for the year in question; but in all other respects the judgment is affirmed.

Reformed and affirmed.