**Charles FLEMING et al., Appellants,**

v.

**William ENTZMINGER et al., Appellees.**

**No. 12842.**

Court of Civil Appeals of Texas, Austin.

July 26, 1978.

Rehearing Denied Aug. 16, 1978.

J. W. Thomas, Jr., Temple, for appellants.

Jack W. Prescott, Prescott, Greenfield, Mewhinney & Wilson, Temple, for appellees.

O'QUINN, Justice.

Two qualified voters, residing within the limits of Academy Independent School District in Bell County, brought this suit in February of this year in contest of a school bond election held January 28, 1978, at which a majority of the voters approved issuance of bonds for permanent improvements. The seven members of the board of trustees were made parties defendant.[1]

Contestants rest their action on a claim that the trustees bribed all voters in the district who were sixty-five years of age or older by granting them residence homestead exemptions in November of 1977, thereby inducing these voters to vote for the bonds at the election held about two months later in January.

The trial court upon hearing granted motion of the school trustees for summary judgment and entered judgment that contestants take nothing by their suit. We will affirm the judgment of the trial court.

The trustees of the school district, at the board's regular meeting in November of 1977, pursuant to authority granted under the Constitution of Texas, authorized a residence homestead exemption from ad valorem taxes for all persons within the district

---

1. Plaintiffs below, who are appellants here, are Charles Fleming and Forrest Lawson. Defendants below, trustees of the school district, now appellees, are William Entzminger, Bobby Heller, Bob Mahler, Bobby Underwood, Bill Reeves, G. C. Walker, and Walter Tomlin.

sixty-five years of age or older. Authority for such action is stated in this language:

"From and after January 1, 1973, the *governing body* of any county, city, town, *school district,* or other political subdivision of the State may exempt *by its own action* not less than Three Thousand Dollars ($3,000) of the assessed value of residence homesteads of married or unmarried persons sixty-five (65) years of age or older, including those living alone, from all ad valorem taxes thereafter levied by the political subdivision." (Emphasis added) (Art. VIII, Sec. 1–b(b), Texas Constitution, as adopted November 7, 1972).

At the next regular meeting of the trustees in December of 1977, the Board took appropriate action to call an election, to be held on January 28, 1978, on a proposition for adoption or rejection by the qualified voters of proposed bonds for construction of school buildings. The election was held, and canvass of the returns reflected that the bond proposition was adopted by a vote of 372 to adopt against 132 to reject the proposal for issuance of bonds.

In their claim that the board of trustees bribed the voters sixty-five years of age and older, contestants seek to apply provisions of Article 36.02, Title 8, Texas Penal Code, to the action of the trustees in granting the homestead exemptions. Article 36.-02 provides that an offense is committed if a person offers or confers a benefit on a voter, "with intent to influence the voter not to vote or to vote in a particular manner."

The contestants do not claim that all voters accorded homestead exemptions participated in the election and voted for the bonds, nor do they allege that the result of the election would have been different if the exemption had not been granted, but only that it is "impossible to ascertain the true result of the bond election" because the election "was substantially unfairly conducted in that" the homestead exemption influenced the voters accorded exemption "both in the vote and their influence in the election."

Contestants sued the trustees in the trustees' official capacity as the governing body of the school district. Article 36.02 of the Penal Code, making bribery an offense, deals with individuals and is not designed to control official action of a body corporate managing the affairs of a political subdivision while acting without question within authority granted under the Constitution and statutes.

The board of trustees acted clearly within the scope of its powers both in granting homestead exemptions to residents of the district sixty-five years of age or older and in calling the election at which the qualified voters approved issuance of bonds. The motives influencing the trustees in taking either of these legislative actions is not a subject of inquiry by the courts in an election contest.

 It is not a function of the courts to inquire into the motives and intentions of a legislative body, except insofar as the inquiry may aid in arriving at the true construction and meaning of language used in the legislation. No construction will be adopted that rests on the assumption that the legislative body intended to do unfair, unjust, or unreasonable things. See 53 Tex. Jur.2d *Statutes,* sec. 166, p. 246 (1964), and authorities cited. The motives which influenced the legislative body ordinarily will not be inquired into by the courts. 82 C.J.S. *Statutes,* sec. 354, p. 745 (1953); see also *Wiseman v. Madison Cadillac Co.,* 88 S.W.2d 1007 (Ark.Sup.1935); *Morrow v. City of Louisville,* 249 S.W.2d 721, 724 (Ky.Ct.App. 1952).

In an early case before the Supreme Court validity of bonds approved at a school district election was challenged on the basis that the earlier legislative Act creating the school district had perpetrated a "legislative fraud," which invalidated the bonds voted. In the present case contestants say the grant of homestead exemptions by the trustees brought about an unfairly conducted

bond election two months later, with the result that the bonds were invalid. The Supreme Court held that all matters relating to unfairness, injustice, fraud, inadvertence, and unreasonableness were settled by enacting the law. *Glass v. Pool,* 106 Tex. 266, 166 S.W. 375, 377 (1914). If there be a wrong in the present case, as contestants contend, the courts have no power to act in the matter since the legislative action of granting homestead exemptions is not shown to be in conflict with the Constitu-

tion or the statutes in any particular. *Glass v. Pool, supra.*

The judgment of the trial court that appellant contestants take nothing by their suit is in all things affirmed.

Affirmed.